Sarah N. PHELPS, Plaintiff–Appellant,

v.

YALE SECURITY, INC., Defendant–Appellee.

No. 92–5561.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 28, 1993.

Decided Feb. 26, 1993.

Perry H. Windle, III, David A. Burkhalter, II (argued and briefed), Burkhalter & Windle, Knoxville, TN, for plaintiff-appellant.

Robert L. Thompson (argued and briefed), William M. Earnest (briefed), Mark D. Halverson (briefed), Elarbee, Thompson & Trapnell, Atlanta, GA, Donald F. Paine, Harold T. Pinkley, Paine, Swiney & Tarwater, Knoxville, TN, for defendant-appellee.

Before: MARTIN, MILBURN and NORRIS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.

Sarah N. Phelps appeals the judgment notwithstanding the verdict in favor of Yale Security, Inc., in this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* Phelps requests that the jury verdict be reinstated. We affirm the judgment of the district court.

Sarah N. Phelps was employed at Yale Security from June 16, 1977 until July 8, 1988, when she was dismissed at age fifty-five pursuant to an alleged reduction in work force. Phelps worked at a plant in Lenoir City, Tennessee, in which Yale Security manufactures commercial locks and related hardware. Phelps' position at Yale Security changed during her period of employment, but she always remained on the administrative staff as a salaried employee. Between 1977 and 1987, Phelps worked as a secretary for three successive plant managers. She worked for Avery Petty, the last of the three plant managers, for thirteen months until being transferred in November 1987 to work for Ray McCulloch, the factory manager. In McCulloch's office, Phelps' job classification was changed to stenographer although she did not receive a reduction in pay. The reason proffered by Petty for transferring Phelps out of the secretarial job was that he believed that she was divulging confidential information regarding employee salaries. Petty hired a thirty-nine-year-old secretary several months later.

Yale Security laid off Phelps and three other full-time employees on July 8, 1988. Company management made this reduction to meet a goal of a 3-to-1 ratio of direct manufacturing employees to administrative staff. Mike Robinson of Yale Security's human resources department asked the Lenoir City department leaders to determine whether any positions could be eliminated without damaging the efficiency of administrative operations. In response, McCulloch suggested that Yale Security eliminate Phelps' position as a stenographer. McCulloch also eliminated a dispatcher position held by twenty-five-year-old David Fickey. The accounting department removed the chief timekeeper position occupied by fifty-three year-old Coy Plemmons. The production planning department eliminated the designer position held by Melvin Pressley, age fifty-six. In addition, Yale Security terminated the temporary employment of twenty-nine year-old Lynn Harvey.

Although Phelps requested a transfer to any available position, Yale Security did not transfer or rehire her or the other two workers in the protected class. Instead, when some openings developed, it rehired the two youngest laid-off workers. In August 1988, Yale Security created a new dispatcher position and filled two customer service positions. Phelps specifically asked about a dispatcher position at her termination meeting. However, twenty-five year-old David Fickey was rehired as the new dispatcher. Phelps also believed that she was qualified to be a customer service clerk. Nonetheless, Lynn Harvey was rehired as a customer service clerk.

On July 9, 1990, Phelps filed the present action against Yale Security on the basis of age discrimination in regard to her transfer and ultimate discharge. Yale Security filed a motion for summary judgment on April 21, 1991, and the district court denied the motion on June 26, 1991. On November 25, 26, and 27, 1991, the case was tried before a jury. The jury returned a verdict for Phelps and awarded her $121,418 in back pay and future compensation.

On December 12, 1991, Yale Security filed a motion for judgment notwithstanding the verdict under Fed.R.Civ.P. 50(b), or, in the alternative, for a new trial. On April 10, 1992, the district court granted Yale Security's motion and entered judgment in favor of Yale Security. The district court also conditionally granted the alternative motion for a new trial in the event that the judgment for Yale Security is reversed. In this timely appeal, Phelps contends that the jury verdict should stand.

This court's standard of review of a judgment notwithstanding the verdict is identical to the standard used by the district court. *Marsh v. Arn*, 937 F.2d 1056, 1060 (6th Cir.1991). We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury. *Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 154–55 (6th Cir.1988). Instead, we must view the evidence in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. *Id.* The motion should be granted, and we should affirm if reasonable minds could not come to a conclusion other than one in favor of the movant. *Id.*

As a starting point, the Age Discrimination in Employment Act declares it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff who brings a claim under the Age Discrimination in Employment Act must prove that age was a determining factor in the adverse action that the employer took against him or her. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229–30 (6th Cir.1990) (citations omitted). We recognize, as have all the courts faced with claims of age or sex discrimination, that there is no fixed, easy formula to prove the circumstances of the discrimination. *See Scales v. J.C. Bradford and Co.*, 925 F.2d 901 (6th Cir.1991); *Yates v. Avco Corp.*, 819 F.2d 630 (6th Cir.1987). Such claims generally involve nebulous, circumstantial

evidence, but our review must start somewhere.

Sarah N. Phelps' central argument is that age was a determining factor in Yale Security's decision to transfer and/or terminate her. The district court disagreed as do we. In such a case, the plaintiff is required to produce evidence that age was a factor in the employer's decision to discharge the plaintiff and that but for this factor, the plaintiff would not have been discharged. *Chappell v. GTE Products Corp.*, 803 F.2d 261, 265–266, (6th Cir.1986), *cert. denied*, 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987). Phelps contends that she presented sufficient evidence to sustain the verdict when the evidence is viewed in the light most favorable to her. In a discharge case, when the plaintiff lacks direct evidence of discrimination, a plaintiff establishes a prima facie case of age discrimination by showing: (1) he or she was a member of the protected class; (2) he or she was discharged; (3) he or she was qualified for the position; and (4) he or she was replaced by a younger person. *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66, 69 (6th Cir. 1982). The protected class consists of all individuals of at least forty years of age. 29 U.S.C. § 631. In a case arising out of a work force reduction, the fourth requirement is modified so that the plaintiff must also demonstrate some "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.), *cert. denied*, 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990).

In *Brownlow v. Edgecomb Metals, Co.*, 867 F.2d 960, 963 (6th Cir.1989), this court held that it need not review the sufficiency of the plaintiff's prima facie case and that it may instead address the ultimate issue of whether the plaintiff has established discrimination. Therefore, we assume that Phelps established a prima facie case, and we move on to the ultimate question of whether Phelps established that age was a

determining factor in Yale Security's actions.

■■■ Phelps contends that the business reasons suggested by Yale Security for her transfer and discharge were pretextual. In order to reach this question, one must go through the following analysis. Assuming that a former employee has established a prima facie case of age discrimination, the burden of production of evidence shifts to the employer to articulate some legitimate nondiscriminatory reason for not retaining the employee. *Danielson v. City of Lorain,* 938 F.2d 681, 683 (6th Cir.1991). In this case, Yale Security asserts that it transferred Phelps because of an alleged confidentiality problem and that it discharged her because it wanted to reach a targeted ratio of manufacturing workers to administrators. Once Yale Security produces legitimate nondiscriminatory reasons, the burden of proof shifts back to Phelps to show that Yale Security's reasons were merely pretexts for age discrimination. *See id.* In the alternative, Phelps argues that even if the nondiscriminatory reasons are accurate, Yale Security had mixed motives and that it would not have discharged her without an additional discriminatory motive. The burden of production shifts throughout this analysis, but the burden of persuasion remains at all times with Phelps. *Blackwell v. Sun Electric Corp.,* 696 F.2d 1176, 1179–80 (6th Cir. 1983).

In regard to the assertion that she was wrongfully transferred, Phelps' claim is untimely. The district court correctly decided that Phelps did not file a timely charge of age discrimination within 300 days of her transfer in 1987 in accordance with 29 U.S.C. § 626(d).

In regard to the dismissal, Phelps maintains that the ratio-based reason that Yale Security offers for the layoff in 1988 was pretextual. Phelps contends that age was a determining factor in her dismissal as demonstrated by (1) violation of the company's "bumping policy," (2) recalls of younger workers, (3) salary differentials, and (4) her supervisor's age-related comments.

First, Phelps claims that Yale Security did not adhere to a pre-existing policy to protect workers from discharge. Phelps suggests that the failure to follow the policy indicates that the reason for dismissal was merely pretextual. Phelps contends that either of two personnel policies that Yale Security had in place constituted a policy by which she had a right to be transferred before being laid off. The first item suggesting bumping rights is the company's written severance policy. The severance policy indicated that Yale Security would attempt to transfer employees to any open positions before discharging them. There were, however, no job openings at the time of the layoff, and the policy did not create any definitive bumping rights.

The other bumping policy that Phelps describes is an unwritten policy by which Yale Security generally attempted to lay off the less senior of two employees in the same job category. Phelps maintains that her replacement in the plant manager's office had less seniority and should have been laid off before Phelps. Phelps claims that the unannounced reclassification in title from "secretary" to "stenographer" at the time of her transfer led to her discharge and that she would have otherwise been protected from dismissal.

Phelps' argument assumes that department heads did not select the positions to be eliminated at the department level. There is no evidence, however, that McCulloch or the other heads made the elimination decisions after consulting with anyone outside their respective departments.

The evidence presented by Phelps does not show that a clear bumping policy was in existence at the time of her discharge. Consequently, even when viewing the evidence in the light most favorable to the plaintiff, a reasonable juror might conclude that the bumping evidence does not support the claim that age was a determining factor in Phelps' dismissal because a bumping policy was not in existence.

Phelps also argues that age discrimination occurred when Yale Security rehired the two youngest employees who were laid

off in 1988 without rehiring the three workers in the protected class. Yale Security, however, argues that McCulloch and Mike Robinson of the human resources department decided to terminate the employment of Phelps and that Robert Miller, the customer service manager, decided independently to rehire Lynn Harvey. As a result, there was no conspiracy to discriminate based on age.

Yale Security presents a different argument as to the rehiring of David Fickey. The company states that Fickey was rehired to be a dispatcher for a new product line that involved electronics. Fickey had experience in dispatching and electronics. Phelps presents no evidence of electronics experience and some evidence that she had performed some dispatching work in McCulloch's department. However, Yale Security maintains that Phelps lacked the relevant experience that Fickey had for the new position.

The different treatment after the layoff for the two younger workers who were discharged does not reflect that age was a determining factor in the actions taken by Yale Security because various circumstances without relation to age applied to each worker. The rehiring of Harvey was a result of decisions made independently by separate decision-makers. The record does not contain evidence to the contrary. Fickey's experience and Phelps' lack of experience likewise refute Phelps' allegations of age discrimination. Age discrimination cannot be inferred based solely on the ages of rehired workers. *See Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 943–44 (6th Cir.1987) (holding that statistical evidence of discrimination based on the ages of employees did not have sufficient probative value to establish age discrimination without additional supporting information regarding worker qualifications). Reasonable minds could not come to a conclusion other than one in favor of Yale Security based on this evidence.

Phelps also contends that salary and seniority were in correlation prior to the layoffs and that Yale Security replaced the older, more senior workers in order to take advantage of salary differences. Phelps cites a Seventh Circuit case in order to support her argument. In *Metz v. Transit Mix*, 828 F.2d 1202 (7th Cir.1987), the Seventh Circuit held that salary savings that would arise after replacing a worker with a younger, lower-salaried employee do not constitute a valid, nondiscriminatory justification for replacement.

Phelps did not demonstrate any seniority-based salary differential for two persons performing the same job. Each position filled after the layoff was different in function and salary range from the positions eliminated. As a result, the differences in salary were based on the differences in the nature of the jobs, rather than on seniority. Phelps did not present any evidence that she would have received a higher salary than Lynn Harvey if Phelps had been rehired instead of Harvey for the customer service job. As a result, salary differentials could not justifiably lead a reasonable jury to conclude that Yale Security discharged Phelps because of her age.

■ Phelps presents evidence that McCulloch made some age-related comments about Phelps that she alleges are indicative of age discrimination. First, according to Phelps, McCulloch told Phelps immediately after her transfer to his office in November of 1987 that she was too old to be Petty's secretary and that she would still be the plant manager's secretary if she were younger. Second, McCulloch allegedly told Phelps in December of 1987 that her fifty-fifth birthday that month was a cause for concern. He did not elaborate on what she should fear. McCulloch testified that he did not remember having made either statement.

■ Age-related comments referring directly to the worker may support an inference of age discrimination. *See McDonald v. Union Camp*, 898 F.2d 1155, 1162 (6th Cir.1990) (noting that remarks may reflect age bias). However, as Yale Security argues, isolated and ambiguous comments " 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.' " *Gagné v. Northwestern Nat. Ins. Co.*, 881 F.2d 309,

314 (6th Cir.1989) (quoting *Chappell,* 803 F.2d at 268 n. 2). Because McCulloch made the statements nearly a year before the layoff, the comments were made too long before the layoff to have influenced the termination decision. Moreover, the statement regarding Phelps' birthday was too ambiguous to establish the necessary inference of age discrimination.

In sum, all of the evidence that Phelps produced in support of her claim that Yale Security's reason for the discharge was pretextual fails to establish that age was a determining factor as required by law. *See Blackwell,* 696 F.2d at 1180. (holding that plaintiff in ADEA cases has the ultimate burden of showing that age was a determining factor in the employer's decision in order to establish liability). A plaintiff must prove that age was a factor in the defendant's decision to terminate the plaintiff, and that but for this factor, the defendant would not have made the decision. *Gagne',* 881 F.2d at 314 (citation omitted).

Phelps' evidence fails to meet the "but for" requirement. A reasonable jury could not find that Phelps would have been discharged even if Yale Security did not act to reach a 3–to–1 ratio of manufacturing workers to administrators. Likewise, a reasonable jury could not find that Phelps would not have been discharged if she had been younger. As a matter of law, age was not a determining factor in Phelps' discharge. Consequently, the judgment notwithstanding the verdict was proper. Because we affirm the district court's grant of a judgment notwithstanding the verdict, we need not consider Phelps' appeal of the court's conditional grant of a new trial. The judgment of the district court is affirmed.