9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard I. COLLINS, Plaintiff-Appellant,
v.
COUNTESS MARA, INC., Defendant-Appellee.
 No. 92-4068.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MARTIN and BOGGS, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 In this action under the Age Discrimination in Employment Act of 1967, Leonard I. Collins appeals the grant of summary judgment in favor of his former employer, Countess Mara, Inc. Collins claims that he presented sufficient evidence to support a prima facie case of age discrimination and, thus, that the district court erred in ruling that no genuine issues of material fact remained. For the following reasons, we affirm the district court.
 
 
 2
 For twenty-one years, Leonard Collins served as a sales representative for Countess Mara, a manufacturer of upscale neckwear and men's accessories. Responsible for servicing accounts in a four-state region, Collins spent approximately twenty-four weeks each year on the road, travelling from his home base in Cleveland to various cities throughout Ohio, Kentucky, West Virginia and Pennsylvania. As compensation, Collins received a commission on all sales of Countess Mara products to customers within his territory.
 
 
 3
 From 1969 until 1986, Collins worked under the direct supervision of Countess Mara president Gordon Williams. As Williams advocated a low-key approach and banned on-site sales, Collins rarely visited his customers' stores during sales trips. Instead, Collins typically arranged displays of Countess Mara merchandise in local hotels, then invited area retail customers to come and view the company's latest lines. During this sixteen-year period, Collins enjoyed considerable success with Countess Mara, regularly increasing his sales and receiving favorable evaluations.
 
 
 4
 This picture of prosperity changed quickly during the 1980's. Countess Mara, facing escalating competition, began to lose market share. Williams, in increasingly poor health, contemplated retirement. The company responded by hiring Craig Copland as national sales manager in 1986. Several months later, Copland replaced Williams as Countess Mara president.
 
 
 5
 Copland brought with him a new approach to the sale of Countess Mara merchandise. In an effort to earn Countess Mara a reputation as a service-oriented retailer, Copland demanded that the company's salesmen visit each store in their territories at least twice a year. During these visits, the salesmen were encouraged to provide sales expertise to their customers, take inventory, and market new products. Copland reinforced these directives at regular sales meetings in New York.
 
 
 6
 Collins had difficulty adjusting to the Copland-initiated changes. Despite repeated demands, Collins never visited at least five stores in his territory. When he did make sales calls, Collins declined to inventory the Countess Mara merchandise on hand. Certain customers also reported problems working with Collins, and chose instead to order Countess Mara products directly from the New York office. Moreover, Collins often challenged Copland at salesmen's meetings, on occasion becoming disruptively argumentative. Despite regular counseling from colleagues and his awareness that Copland was not satisfied with his performance, Collins failed to alter his practices.
 
 
 7
 On October 9, 1990, Copland discharged Collins, then age fifty-eight. Copland cited Collins' lack of cooperation, negative attitude, disruptive behavior at sales meetings, poor sales tactics, problems with customers, lack of knowledge of his business, and the realignment of the company's territories as the reasons for Collins' termination. In the same week, Copland fired two other salesmen, Dennis Howland and Robert Murrin. Both Howland and Murrin were also over forty years of age. Collins' territory was subsequently divided among three salesmen, one thirty-three years of age, the second thirty-six years of age, and the third sixty years of age.
 
 
 8
 Alleging that he was terminated by Countess Mara because of his age, Collins filed suit under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634, on March 28, 1991. Following extensive discovery, Countess Mara moved for summary judgment, maintaining that Collins failed to establish a prima facie case of age discrimination because Collins was unable to demonstrate that he was qualified for the salesman position. The district court agreed and, finding that no genuine issues of material fact remained, granted Countess Mara's motion. This appeal followed.
 
 
 9
 We review a grant of summary judgment de novo. Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 10
 Collins claims that he presented sufficient evidence to support a prima facie case of age discrimination under the Age Discrimination in Employment Act. Where a plaintiff lacks direct evidence of discrimination, the plaintiff bears the initial burden of showing: (1) he or she was a member of the protected class (individuals at least forty years of age); (2) he or she was discharged; (3) he or she was qualified for the position; and (4) he or she was replaced by a younger person. Phelps v. Yale Security, Inc., 986 F.2d 1020, 1023 (6th Cir.1993). Despite his assertions to the contrary, Collins is unable to carry this burden.
 
 
 11
 For Collins, the third prong of this test proves to be an insurmountable hurdle. As this Court recognizes, in order to establish that he was qualified, Collins "must prove that he was performing his job at a level which met his employer's legitimate expectations." McDonald v. Union Camp Corp., 898 F.2d 1155, 1160 (6th Cir.1990) (citation omitted). Here, however, there is ample evidence in the record that Collins was not performing to Countess Mara's satisfaction. As Collins acknowledges, Copland regularly expressed discontent with Collins' conduct. Moreover, despite specific instructions to visit each of his customers, take inventory, and curtail his disruptive outbursts, Collins failed to adapt his behavior. Because Collins "was not doing what his employer wanted him to do, he was not doing his job." See McDonald, 898 F.2d at 1160 (citation omitted). Accordingly, Collins is unable to prove that he was qualified for the position.
 
 
 12
 As Collins correctly points out, this failure does not necessarily mandate the grant of summary judgment. Recognizing that strict adherence to the four-part prima facie structure may result in injustice to the parties, this Court has consistently advised that a trial judge is also to consider both direct and additional circumstantial evidence of discrimination. See Wanger v. G.A. Gray Co., 872 F.2d 142, 145 (6th Cir.1989). Accordingly, despite the failure of a plaintiff under the Age Discrimination in Employment Act to establish a prima facie case of discrimination, this Court nevertheless has proceeded to examine whether the employee's allegation that the proffered grounds for his discharge were pretextual has merit. See McDonald, 898 F.2d at 1161.
 
 
 13
 A plaintiff may show that the employer's stated grounds are pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). The burden remains with Collins, however, to establish that "but for" the discriminatory motive, he would not have been terminated. Phelps, 986 F.2d at 1026; Blackwell v. Sun Electric Corp., 696 F.2d 1176, 1180 (6th Cir.1983) (a plaintiff in ADEA case has the ultimate burden of showing that age was a determining factor in the employer's decision in order to establish liability).
 
 
 14
 Countess Mara has articulated legitimate, nondiscriminatory reasons for its decision to terminate Collins. As noted earlier, the company presented ample evidence of Collins' inability to adapt to the changes at Countess Mara. While Collins counters that his sales at the time of his dismissal were significantly better than those of younger salesmen who were retained, these figures were inflated by sales to customers who bypassed Collins and placed orders directly with the New York office. Finally, Collins cannot rely on the fact that he disagrees with Countess Mara's assessment of his customer-relations skills. In support of its motion, the company proffered written statements from a number of customers detailing their disaffection with Collins. Collins' attempts to recast these complaints do not render Countess Mara's reasons pretextual.
 
 
 15
 Because Collins failed to carry his burden of proving a prima facie case of age discrimination and because the evidence Collins produced in support of his claim that Countess Mara's reason for the discharge was pretextual fails to establish that age was a determining factor in the company's decision to terminate him, we hold that Countess Mara is entitled to judgment as a matter of law.
 
 
 16
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation