21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Douglas C. HOPKINS, Plaintiff-Appellant,
v.
CITY OF WESTLAND, a municipal corporation and OFFICER SCOTT
FETNER, jointly and severally, Defendants-Appellees.
 No. 93-1096.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Douglas C. Hopkins appeals the denial of his motion for directed verdict, his motion for judgment notwithstanding the verdict, and his motion for a new trial in this 42 U.S.C. Sec. 1983 action against defendants City of Westland and Officer Richard Fetner. For the reasons stated below, we affirm.
 
 I.
 
 2
 On September 14, 1991, Kelly Carlington had a backyard party, including a live band, at her house in the City of Westland. Plaintiff was the guitar player for the band. Because of numerous noise complaints from neighbors, City of Westland police officers visited Carlington's house on two occasions and warned about the noise. Because the noise persisted, the police ordered the partygoers to leave; however, the plaintiff was permitted to stay and pack up his equipment.
 
 
 3
 While plaintiff was packing his equipment, his friend, Robin Cunningham, arrived at the party and pulled her mini-van into the driveway. Upon Cunningham's arrival, the police told her that the party was over and she would have to leave. Cunningham threw her transmission into reverse and squealed her tires as she backed out of the driveway. Consequently, Sergeant Lennis Hayes ordered Officer Steven Jaworski to write Cunningham a ticket for reckless driving. The officer apparently asked Cunningham to step out of the van and produce her driver's license, but Cunningham refused. According to plaintiff, Cunningham was dragged out of her van by her hair and taken to a patrol car. During this period, Cunningham was loud and uncooperative. Plaintiff then attempted to move toward Cunningham but was blocked by Officer Richard Fetner. Officer Fetner told him to calm down or he was going to jail. The more Cunningham yelled and screamed the more agitated plaintiff became. According to plaintiff, the police continued to brutalize Cunningham and he attempted to assist her. As plaintiff moved toward Cunningham, Officer Fetner approached him and told him he was going to jail. However, according to the police, plaintiff tried to get around Officer Fetner by shoving Officer Fetner in the chest with both hands. Officer Fetner testified the shove caused him to fall back into the van. J.App. at 798. Plaintiff was then ticketed and arrested for assault and battery of a police officer.
 
 
 4
 Ultimately, however, state criminal charges based on the ticket were dismissed by the state district judge.
 
 
 5
 Plaintiff brought suit charging violations of both state and federal law by the City of Westland, the Westland Police Department, and two officers individually.[1] Under state law, plaintiff charged false arrest, false imprisonment, and violations of the equal protection provision of the Michigan Constitution. Under federal law, plaintiff asserted civil rights violations under 42 U.S.C. Secs. 1983, 1985, 1986, based on violations of his Fourth Amendment, Eighth Amendment and Fourteenth Amendment rights.
 
 
 6
 Defendants moved for summary judgment which was granted in part. The District Court dismissed all claims against the Westland Police Department reasoning that the police department was not a separate entity from the city and therefore the city was the real party in interest. J.App. at 457. Additionally, the District Court dismissed plaintiff's claims under the Eighth Amendment, the equal protection clause, his due process claims, his claim of conspiracy under 42 U.S.C. Sec. 1985, his claim under 42 U.S.C. Sec. 1986 and his claims under the equal protection clause of the Michigan Constitution. Also, the District Court dismissed plaintiff's state law claims against the city as the city is immune pursuant to state statute.
 
 
 7
 Trial was held on the plaintiff's remaining claims. At the close of plaintiff's proofs, the defendants moved for a directed verdict. The District Court granted a directed verdict for certain officers and took the motion under advisement with regard to the remaining defendants. At the close of all the proofs, the remaining defendants renewed their motion for a directed verdict and the plaintiff also moved for directed verdict.
 
 
 8
 The jury returned a verdict in favor of Cunningham but found that plaintiff had no cause of action against the City or Officer Fetner. Plaintiff then moved for judgment notwithstanding the verdict or alternatively for a new trial, which the District Court denied. This timely appeal followed.
 
 II.
 
 9
 This Court reviews an order denying judgment as a matter of law under the same standard that the District Court used. Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993).
 
 
 10
 We do not weigh the evidence, evaluate the credibility of the witnesses, or substitute our judgment for that of the jury. Instead, we must view the evidence in the light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. The motion should be granted, and we should affirm if reasonable minds could not come to a conclusion other than one in favor of the movant.
 
 Id. (citations omitted).[2]
 III.
 
 11
 To establish the personal liability of Officer Fetner, the plaintiff must establish that Officer Fetner violated his federal rights under color of state law. Hull v. Cuyahoga Valley Bd. of Educ., 926 F.2d 505, 511 (6th Cir.), cert. denied, 111 S.Ct. 2917 (1991). Plaintiff claims that he was arrested and falsely imprisoned without probable cause in violation of the Fourth Amendment.
 
 
 12
 Government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Under this objective test, an official will be immune "if officers of reasonable competence could disagree" on whether the challenged actions violated the plaintiff's rights. Malley v. Briggs, 475 U.S. 335, 341 (1986). At the time of plaintiff's arrest, it was clearly established that an arrest must be supported by probable cause. It was also clearly established that probable cause, "a probability or substantial chance of criminal activity," Illinois v. Gates, 462 U.S. 213, 243 n. 13 (1983), is to be determined by reviewing the totality of the circumstances. Id. at 238.
 
 
 13
 The existence of qualified immunity is a question of law for the court to decide. Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir.1988). However, the parties contested whether the plaintiff shoved or pushed Officer Fetner. Thus, the resolution of qualified immunity turned upon which view of the facts the jury accepted and the District Court appropriately submitted the issue of probable cause to the jury. See Brandenburg v. Cureton, 882 F.2d 211, 215-16 (6th Cir.1989). The jury concluded that plaintiff had no cause of action against Officer Fetner or the City of Westland. Plaintiff then moved for judgment notwithstanding the verdict, which the District Court denied.
 
 
 14
 On appeal, plaintiff argues that the District Court erred in denying his motion for directed verdict and for judgment notwithstanding the verdict for several reasons. First, plaintiff argues that the state district court judge dismissed the criminal charge against plaintiff in the state court because probable cause did not exist. Therefore, under the doctrine of collateral estoppel, plaintiff argues that this Court should afford preclusive effect to the state court's determination of probable cause and set aside the jury verdict. Specifically, plaintiff refers to the fact that the plaintiff's ticket was in part dismissed because the ordinance under which he was arrested had been repealed and replaced by a similar ordinance with a different number.
 
 
 15
 Federal courts apply state collateral estoppel law when determining whether a state court judicial determination has preclusive effect in a particular section 1983 action. Haring v. Prosise, 462 U.S. 306, 313 (1983). In Michigan, collateral estoppel precludes relitigating an issue in a subsequent cause of action if the parties are the same, the issue was actually litigated, and was necessarily determined in the first proceeding. People v. Gates, 452 N.W.2d 627, 630 (Mich.), cert. denied, 497 U.S. 1004 (1990. We will not give preclusive effect to a state court determination unless the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding. Id. at 631.
 
 
 16
 We decline to afford preclusive effect in this instance because the issue of probable cause was not actually litigated. Although noting her concern that people were being prosecuted under repealed ordinances, the state district court judge dismissed the charges because the prosecution failed to comply with discovery requests.[3] Thus, preclusive effect is unwarranted.
 
 
 17
 Next, plaintiff argues that the District Court erred in denying his motions because there is a complete absence of proof of probable cause that the plaintiff committed an assault or battery on Officer Fetner. The plaintiff argues there is a complete absence of proof because the plaintiff was arrested on the basis of a law that had been repealed. Prior to August 20, 1990, the Westland City Ordinance stated, "[n]o person shall attempt or offer, with force and violence, to do a corporal hurt to another, or assault or batter any other person, or without provocation threaten another person so as to create fear in said threatened person."
 
 
 18
 Westland, Mi., Code Sec. 22-17 (J.App. at 623).
 
 
 19
 Westland's current assault and battery ordinances state,
 
 Battery
 
 20
 No person having the present ability or appearing to have the present ability to commit a battery, shall do any act with intent to injure which places another person in reasonable fear or apprehension of receiving an immediate battery.
 
 
 21
 Westland, Mi., Code Sec. 22-17 (J.App. at 624).
 
 Assault
 
 22
 No person shall with force or violence touch or put some substance in motion which touches another person or something closely connected with another person.
 
 
 23
 Westland, Mi., Code Sec. 22-18 (J.App. at 624). (We note that the captions appear to be reversed. Section 22-17 is actually the assault ordinance and section 22-18 is actually the battery ordinance.)
 
 
 24
 Under Fourth Amendment jurisprudence, arresting a person for a non-existent offense does not comport with the right to be free from unreasonable searches and seizures. Indeed, probable cause cannot be based on conduct that is not illegal. However, "even if there was not probable cause to arrest plaintiff for the crime charged, proof of probable cause to arrest plaintiff for a related offense is also a defense." Pfannstiel v. Marion, 918 F.2d 1178, 1183 (5th Cir.1990) (referring to Trejo v. Perez, 693 F.2d 482, 485 (5th Cir.1982)); see also Biddle v. Martin, 992 F.2d 673 (7th Cir.1993); United States v. Rambo, 789 F.2d 1289 (8th Cir.1986).
 
 
 25
 A police officer need not actually have had the crime for which probable cause existed in mind at the time of the arrest; rather, the question is "whether the conduct that served as the basis for the charge for which there was no probable cause could, in the eyes of a similarly situated reasonable officer, also have served as the basis for a charge for which there was probable cause."
 
 
 26
 Gassner v. Garland, 864 F.2d 394, 398 (5th Cir.1989).
 
 
 27
 Other circuits have applied this "related charge" defense in situations where the officer sought to defend the section 1983 charge for false arrest on the basis that probable cause existed for an entirely separate and distinct offense from that with which the plaintiff was charged. See, e.g., Biddle, 992 F.2d at 676; Pfannstiel, 918 F.2d at 1183; Rambo, 789 F.2d at 1294. In the case sub judice, the offense for which the officer can allege probable cause existed is the same offense for which the plaintiff was charged, only the charge is contained under a different ordinance. If entirely separate offenses can be sufficiently related, then clearly the same offense, which contains the same elements, is also sufficiently related. Thus, there is not a complete absence of proof on the issue of probable cause and the District Court did not err in denying plaintiff's motion for directed verdict and for judgment notwithstanding the verdict.
 
 
 28
 Plaintiff next argues that the District Court erred when it denied his motions for directed verdict and judgment notwithstanding the verdict because there was a complete absence of proof that the plaintiff intended to injure Officer Fetner, as required by the amended ordinance. Specifically, plaintiff argues that the facts clearly established that plaintiff's intent was not to assault or injure Officer Fetner, but rather plaintiff intended to aid his friend, Cunningham.
 
 
 29
 While it is clear that the plaintiff intended to aid Cunningham when he allegedly pushed Officer Fetner, this intent to aid Cunningham simply relates to his motivation in allegedly pushing Officer Fetner. This motivation does not determine the question of whether he intended to assault or injure Officer Fetner. Thus, considering the evidence in the light most favorable to the defendant, the plaintiff has failed to demonstrate that there was a complete absence of proof to support the verdict. We therefore affirm the District Court's denial of the plaintiff's motions for directed verdict and judgment notwithstanding the verdict.
 
 IV.
 
 30
 Plaintiff next argues that the District Court erred when it denied his motion for a new trial.
 
 
 31
 The grant or denial of a new trial is purely within the discretion of the trial court. The trial court's decision will not be reversed except upon a showing of abuse of discretion. "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment."
 
 
 32
 Monette v. AM-7-7 Baking Co., 929 F.2d 276, 280 (6th Cir.1991) (citations omitted).
 
 
 33
 The plaintiff alleges that he is entitled to a new trial because the District Court erroneously instructed the jury that Officer Fetner was entitled to a qualified immunity defense even though he arrested the plaintiff on the basis of a repealed ordinance. For the reasons stated in the previous section, we reject this argument and conclude that the District Court acted appropriately in submitting the qualified immunity related issue to the jury.
 
 
 34
 The plaintiff also argues that he is entitled to a new trial because the District Court erred in its instructions to the jury in two other respects. Because the plaintiff failed to object to these particular jury instructions at trial, plaintiff failed to preserve these issues for appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Therefore, the District Court did not abuse its discretion in denying plaintiff's motion for new trial.
 
 V.
 
 35
 Municipal liability against the City of Westland may arise under 42 U.S.C. Sec. 1983 for unconstitutional policies or customs. Monell v. Dep't. of Soc. Servs., 436 U.S. 658 (1978). Plaintiff alleged that the city failed to train its officers regarding changes in city ordinances, which resulted in the routine arrest of individuals under amended or repealed ordinances. Thus, plaintiff argues that this conduct constituted an official policy or custom and therefore the city is liable for plaintiff's alleged constitutional injuries arising from his arrest under a repealed ordinance.
 
 
 36
 The Supreme Court has stated that a municipality may be held liable in section 1983 actions for unconstitutional violations resulting from failure to train only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Canton v. Harris, 489 U.S. 378, 390 (1989).
 
 
 37
 It may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes the injury.
 
 
 38
 Id.
 
 
 39
 To support his claim that the city was deliberately indifferent to his rights by failing to train officers regarding changes in city ordinances, plaintiff offered evidence detailing arrests and prosecutions by the City of Westland under the repealed ordinance after the plaintiff's arrest and prosecution. However, the District Court precluded the admission of this evidence. The District Court concluded that this evidence was not probative of the city's training policy at the time of plaintiff's arrest. J.App. at 784-786.
 
 
 40
 The district court may admit evidence if it is relevant and if its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed.R.Evid. 403. A trial court's decision to admit or exclude evidence on the grounds of relevancy may not be reversed absent an abuse of discretion.
 
 
 41
 Hancock v. Dodson, 958 F.2d 1367, 1372 (6th Cir.1992).
 
 
 42
 Plaintiff argues that the evidence of the continued arrests and prosecutions under the repealed ordinance tended to prove the deliberate indifference of the city. We conclude that the District Court did not err in excluding this evidence of the subsequent arrests or prosecutions under the repealed ordinances. The proffered evidence does not tend to prove that the plaintiff's alleged injury was incurred because of the inadequacies of the training program in existence at the time of plaintiff's arrest and prosecution. As this Court has recently stated, to satisfy the requirements of Monell, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Garner v. Memphis Police Dep't., 8 F.3d 358, 364 (6th Cir.1993) (emphasis added), cert. denied, 1994 U.S. LEXIS 2074 (U.S. March 7, 1994). Moreover, since there was probable cause to arrest plaintiff, he suffered no injury.
 
 VI.
 
 43
 For the reasons stated, we AFFIRM.
 
 
 
 [1]
 A companion case, Cunningham v. City of Westland, was joined for trial but is not the subject of this appeal
 
 
 [2]
 We review the District Court's decision not to direct a verdict by the same standard that applies when we review the denial of a motion for judgment notwithstanding the verdict. Because we review these motions under the same standard, and the plaintiff's objections to the denial of his directed verdict and the denial of his motion for judgment notwithstanding the verdict are the same, we review the denial of these motions in conjunction
 
 
 [3]
 Judge McKnight's testimony in the proceedings before the District Court support this conclusion
 Counsel: What was the nature of the Motion Hearing?
 McKnight: A failure to comply with discovery.
 ....
 Well, after the Court ruled on the Motion to Dismiss which was granted, the defendant's Motion, the Court also expressed in the record its concern about people being charged under statutes that had since been repealed or modified or changed, as well as a concern over appearance.
 J.App. at 915-16 (emphasis added).
 McKnight: I made no ruling about the inappropriateness of the writing of this ticket. The tickets were essentially dismissed on the issue of failing to provide discovery throughout the whole proceeding. That was the main basis for the dismissal. And then the Court spoke with--my other problems with how the files were handled.
 J.App. at 929.
 See also J.App. at 433-441. (transcript of the state court proceeding).