27 F.3d 567
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hershel OSBORNE and Chester Stacy, Plaintiffs-Appellants,
v.
BRANDEIS MACHINERY AND SUPPLY CORP., Defendant-Appellee.
 No. 93-5497.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges; and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Hershel Osborne and Chester Stacy appeal the district court's grant of summary judgment to Defendant Brandeis Machinery and Supply Company. Osborne and Stacy allege that their May 1991 firing was motivated by age discrimination. Because the plaintiffs have failed to establish a prima facie case of age discrimination, we AFFIRM the decision of the district court.
 
 I.
 
 2
 In May 1991, Defendant Brandeis Machinery and Supply Corp. found that the economic recession made a reduction in its work force necessary. Charles Mueller, the manager of the Stanville location where Osborne and Stacy worked as mechanics, was given primary responsibility for planning the work force reduction. After consideration, Mueller decided that four employees would have to be terminated. Mueller maintains that the relative seniority of the employees was not a part of his deliberation. Instead, he claims that he ranked the employees based upon versatility and past performance. Mueller found that Osborne's past performance had been satisfactory, but not exceptional, and found that Stacy's past performance had been adequate. Mueller further determined that Osborne and Stacy were not as versatile as the other six mechanics. Based upon his assessments, Mueller laid off Osborne, Stacy, Donna Morris--a thirty-year-old secretary, and John Bevins--an apprentice mechanic[1] in his twenties. Hershel Osborne and Chester Stacy were the two oldest of eight mechanics employed by the defendant. At the time of their discharge, Osborne was forty-nine years old and Stacy was fifty-four years old.
 
 
 3
 Several months after the lay-offs, Brandeis' financial future began to brighten. At this time, Bevins was rehired as an apprentice mechanic, earning an hourly wage of $7. After Bevins was rehired, Osborne and Stacy filed suit in November 1991, alleging that they had been terminated on account of their age. In February 1993, Brandeis moved for summary judgment. The defendant's motion was granted by the district court on March 24, 1993. This appeal followed.
 
 II.
 
 4
 This court reviews a grant of summary judgment de novo. In other words, it employs the same test as that used by the district court to determine whether a grant of summary judgment was appropriate. Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir.1992). Summary judgment is permissibly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Meade v. Pension Appeals and Review Comm., 966 F.2d 190, 192-93 (6th Cir.1992). When reviewing a grant of summary judgment, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Notwithstanding this practice, in order to make a denial of summary judgment appropriate, the evidence must be more than "merely colorable." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).
 
 III.
 
 5
 In the instant case, Plaintiffs Osborne and Stacy allege that they were terminated as a result of their age. Such action is prohibited by the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. Sec. 621 et seq., which forbids employers from discriminating against an employee as a result of the employee's age. This prohibition protects employees over forty years of age. See 29 U.S.C. Sec. 631(a).
 
 
 6
 In cases alleging a violation of the ADEA, we have determined that the shifting burdens of proof used in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), should be applied. Barnes v. Gencorp, Inc., 896 F.2d 1457, 1464 (6th Cir.), cert. denied, 498 U.S. 878 (1990). Accordingly, the burden is first upon the plaintiff to establish by a preponderance of the evidence that a prima facie case of discrimination exists. The burden then shifts to the employer to offer a neutral, non-discriminatory reason for the employee's termination. Once the employer meets this burden, the employee, if he or she wishes to prevail, must then come forward with proof that the asserted reason is actually a pretext for discrimination. Id.
 
 
 7
 When an employee does not have direct proof that an employer has discriminated as a result of age, a prima facie case of discrimination may nevertheless be established if an employee can show: (1) he or she was a member of the protected class; (2) he or she was discharged; (3) he or she was qualified for the position; and (4) he or she was replaced by a younger person. Phelps v. Yale Security, Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993). With regard to cases involving a reduction in work force, since the plaintiff is not replaced by anyone, this court has modified this last element. "In a case arising out of a work force reduction, the fourth requirement is modified so that the plaintiff must also demonstrate some 'direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.' " Phelps, 986 F.2d at 1023 (quoting Barnes, 896 F.2d at 1465). In the instant case, Osborne and Stacy have failed to meet their burden.
 
 
 8
 It is uncontested that Osborne and Stacy have satisfied the first three prongs of the analysis used in Phelps. Both plaintiffs are over forty years of age; it is undisputed that they were terminated; and their supervisor has admitted that they were not discharged for poor job performance. J.A. at 59. However, Plaintiffs are unable to meet the additional burden imposed upon them by Phelps. Plaintiffs have offered no statistical, circumstantial or direct evidence that supports an inference that they were discharged for impermissible reasons.
 
 
 9
 A. STATISTICAL EVIDENCE. Plaintiffs first assert that statistical evidence supports their conclusion that discrimination occurred. Eight mechanics were employed at Brandeis at the time of Plaintiff's termination. Of these eight, Osborne and Stacy were the oldest. As they correctly assert, there was only a one-in-fifty-six chance that they would both be terminated at random, absent some discriminatory motive. However, Osborne and Stacy fail to note that statistical evidence based upon small samples is generally not probative of discrimination. Simpson v. Midland-Ross Corp., 823 F.2d 937, 943 & n. 7 (6th Cir.1987). See also Mayor of Philadelphia v. Educ. Equality League, 415 U.S. 605, 621 (1974) ("the District Court's concern for the smallness of the sample presented by the 13-member Panel was also well founded"); Palmer v. United States, 794 F.2d 534, 539 (9th Cir.1986) (holding that plaintiff's "sample size is too small to have any predictive value and we must disregard it"); Coates v. Johnson & Johnson, 756 F.2d 524, 541 (7th Cir.1985) ("statistical significance becomes harder to attain as the sample size shrinks"); Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir.1984) (finding that a sample of ten was "too small to be meaningful").
 
 
 10
 Plaintiffs Osborne and Stacy present statistical data based upon an eight person sample. We find that the statistical evidence presented was insufficient to support a prima facie case of termination as a result of age.
 
 
 11
 B. THE RE-HIRING OF JOHN BEVINS. Plaintiffs next assert that the rehiring of John Bevins supports a finding that they were terminated for discriminatory reasons. This assertion is also without merit.
 
 
 12
 Prior to their termination, both Osborne and Stacy were employed as full-fledged mechanics at Brandeis Machinery. Osborne received $14.35 an hour for his position. J.A. at 74. Stacy received a comparable hourly wage. J.A. at 78-79. Following Brandeis' May 1991 work force reduction, Bevins was rehired in the fall of 1991 as an apprentice mechanic, receiving a salary of $7 per hour. However, although replacement by a younger worker does constitute prima facie evidence of age discrimination, the rehiring of John Bevins as an apprentice mechanic in the instant case does not show that Plaintiffs were replaced by younger workers.
 
 
 13
 Evidence in the record indicates that an apprentice mechanic does not perform the same functions as a bona fide mechanic, nor does he receive the same hourly wage. "An apprentice mechanic cannot work on machinery or repairs by himself. An apprentice mechanic must be in the position of helping another full-fledged maintenance mechanic. The apprentice mechanic is paid approximately half the rate of the maintenance mechanic." J.A. at 49-50 (affidavit of Brandeis' Manager for Employee Services).
 
 
 14
 In Barnes, we found that for purposes of discrimination suits involving work force reductions, a "person is replaced only when another person is hired or reassigned to perform the plaintiff's duties." Barnes, 896 F.2d at 1465. Thus, where neither Osborne nor Stacy held the position of an apprentice mechanic, Bevins' rehiring is immaterial to their discrimination claim. See Cooper v. City of North Olmstead, 795 F.2d 1265, 1271 (6th Cir.1986) (noting that when evaluating claims of discriminatory discharge, status of employees receiving disparate treatment must be equal for such evidence to be relevant).
 
 
 15
 Plaintiffs do not dispute the fact that Bevins was rehired as an apprentice mechanic. Nor do they offer any other evidence that would support their assertion that they were replaced by younger workers. Accordingly, the district court correctly concluded that Plaintiffs failed to show they were succeeded by younger replacements.
 
 
 16
 C. THE ADMITTED LACK OF DEFERENCE TO SENIORITY. Plaintiffs next assert that their seniority should have been considered prior to their termination. Brandeis Machinery has stated that it does not defer to seniority and did not consider the relative seniority of the workers at the time of the May 1991 lay-offs. J.A. at 56-57. Plaintiffs point to Brandeis' policy asserting that "seniority or experience should be a positive factor, in hiring decisions." Osborne/Stacy Br. at 8. However, Brandeis' refusal to honor the seniority of its employees in the context of work force reductions is not impermissible.
 
 
 17
 "[A]n employer has no duty under ADEA to permit an employee to transfer to another position or to displace workers with less seniority when the employee's position is eliminated as part of a work force reduction." Barnes, 896 F.2d at 1469. See also Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986). The ADEA only prohibits discrimination on account of age. Thus, if an employee is terminated as a result of strained financial resources, it is of little moment that the employee may belong to the protected class or may have more seniority than workers who were retained. "As long as employers do not act with discriminatory intent, they may eliminate positions in the name of economic necessity or efficiency, even when those positions are held by more senior workers." Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510, 517 (6th Cir.1991). Accordingly, Plaintiffs' assertion must fail.
 
 
 18
 D. AFFIDAVIT OF KENNETH LEWIS. Finally, Plaintiffs assert that the affidavit of Kenneth Lewis should have been deemed sufficient to oppose Defendant's motion for summary judgment. This final assertion is also without merit.
 
 
 19
 Rule 56(e) of the Federal Rules of Civil Procedure instructs that affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." See also Gagne v. Northwestern Natl. Ins. Co., 881 F.2d 309, 316 (6th Cir.1989) (finding that proffered affidavits were insufficient to create a genuine issue of material fact where the affiants "lacked the requisite personal knowledge or experience to testify as to the appellant's work proficiencies.").
 
 
 20
 Lewis asserts in his affidavit that he believes he was terminated due to his advancing age. However, Lewis' statements amount to little more than personal opinions. Lewis has not presented statements in his affidavit that are based upon personal knowledge; accordingly, the affidavit fails to adhere to the requirements of Rule 56(e) and does not provide evidence of discrimination.
 
 
 21
 An additional impediment to the relevance of Lewis' affidavit is the fact that the record is devoid of any evidence that Lewis' position, as a full-time painter, has ever been filled. See J.A. at 50 (Walker Affidavit) ("Lewis' position as a painter has gone unfilled."). This fact significantly undercuts the use of Lewis' affidavit as proof of the defendant's prior discriminatory practices. See Phelps, 986 F.2d at 1023 (to establish a prima facie case of discrimination a plaintiff must show that he or she was replaced by a younger worker). Lewis' affidavit presents only opinions and conclusory statements, and lacks any actual evidence of Brandeis' allegedly discriminatory practices, therefore, the district court correctly concluded that the affidavit was insufficient to support the Plaintiffs' claim.
 
 IV.
 
 22
 In light of the foregoing, we AFFIRM the decision of the district court. The appellants have failed to establish a prima facie case of age discrimination. Accordingly, summary judgment was appropriately awarded to the defendant.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The position of apprentice mechanic is also referred to by the parties as a mechanic's helper and a utility man