Cynthia **STRICKLAND**, Plaintiff–Appellant,

v.

**FEDERAL EXPRESS CORPORATION**, Defendant–Appellee.

No. 00–6562.

United States Court of Appeals, Sixth Circuit.

Aug. 29, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges; and LAWSON, District Judge.*

PER CURIAM.

Cynthia Strickland appeals the order of the district court granting her employer,

Federal Express Corporation, summary judgment on her claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Strickland alleges that she was discharged from her position as Senior Training Specialist in Federal Express's Latin American and Caribbean Division because of her age. At the time of her discharge, Strickland was fifty years old. The district court held that there was no genuine issue of material fact that she was not qualified for her position, failing a crucial element of the *prima facie* case for discrimination. Additionally, the district court determined that there was no genuine issue of material fact that Federal Express's proffered explanation for Strickland's discharge, her non-age-related discipline record, was not pretextual. For the reasons set forth below, we affirm the district court's summary judgment.

**I**

Strickland started with Federal Express in 1981 as a data processing operator. She progressed through the ranks and, in 1996, became a senior training specialist for the Latin American and Caribbean Division of Federal Express. Her duties involved the development and execution of training programs for Federal Express employees.

The incidents that are the subject of her complaint began in early 1996 when Rosa Lindahl, who was then age 36, was appointed as Strickland's immediate supervisor and permanent manager of a work group of about ten employees. By October 1996, Lindahl had held several discussions with Strickland regarding her job performance, noting that Strickland ad-

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

dressed other employees and managers in a "contentious and non-constructive manner" and that she needed to develop a more effective style of "problem solving." On September 23, 1996, Strickland circulated a letter to the entire workgroup, strongly criticizing Lindahl for her ignoring of the staff's problems and depicting a recent bonus that she had authorized for the employees as a charade. As a result of the September 23 letter, Federal Express issued a first warning letter on October 7, 1996. In the warning letter, Federal Express said that it was an error for Strickland to circulate the letter to other members of her work group without the authorization of her manager and that the content of the letter was "distorted, insolent, and openly disrespectful of [her] manager, [and] demonstrated a malicious rather than constructive approach to management feedback." Strickland contended that feedback provided to managers was protected conduct and could not be subject of discipline.

On April 3, 1997, Lindahl issued a second warning letter, reprimanding Strickland for an angry and loud confrontation that Strickland had with fellow employees. That same day, Lindahl issued a performance reminder for Strickland's failure to complete on time the training program that she had been compiling. According to Federal Express policy, however, the issuance of two warning letters was sufficient for termination, and Strickland was terminated on April 11, 1997.

Strickland filed two complaints of discrimination with the EEOC. The EEOC issued a notice of a right to sue on the complaints, and Strickland filed this action in district court on March 16, 1999. Strickland claimed that Federal Express had terminated her because of her age or, in the alternative, had retaliated for her complaints. Strickland alleged that Federal Express was retaliating for her September 23, 1996 memorandum criticizing management, but containing no allegation of age discrimination, and an EEOC complaint of age discrimination that she filed on April 3, 1997.

After discovery, Federal Express moved for summary judgment. The district court granted the motion with regard to all of Strickland's claims. The court held that two crucial questions — whether Strickland was "qualified" for her position, as required to establish her *prima facie* case, and whether Federal Express's proffered reason for her termination was merely pretext for actual discrimination — presented only one issue: whether Strickland was performing her job adequately. In either case, Strickland presented no evidence that the incidents for which she was reprimanded had not occurred or of any discriminatory animus which otherwise had motivated the terminations.

Strickland now appeals the district court's summary judgment.

## II

Age discrimination claims are subject to the burden-shifting scheme of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), modified for the age discrimination context. Accordingly, the plaintiff must establish a four-part prima facie case: (1) that she was at least forty years old at the time of the alleged discrimination; (2) that she was subjected to an adverse employment action; (3) that she was "otherwise qualified for her position;" and (4) that she was replaced "by someone substantially younger." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir.1998); *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1126 (6th Cir.1999). *See also Cicero v. Borg–Warner Automotive, Inc.*, 280 F.3d 579, 583 (6th Cir.2002). If the plaintiff establishes her prima facie case, the burden of production shifts to the defendant to offer

a non-discriminatory reason for the adverse employment action. When the defendant offers such a reason, the plaintiff continues to bear her burden of persuasion, which may be met by showing that the proffered reason is mere pretext for invidious discrimination.

Strickland was fifty years old at the time of her termination, she was fired, and she was replaced by someone younger than forty.

■ The district court held that Strickland was not otherwise qualified for her position because her disciplinary record indicated that she was not adequately performing her job. The test for determining whether an employee is otherwise qualified is whether "he was doing his job well enough to meet his employer's legitimate expectations." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1023 (6th Cir.2000); *Chappell v. GTE Products Corp.*, 803 F.2d 261, 266 (6th Cir.1986). Strickland argues that her prior awards for exemplary service, the latest being the Bravo Zulu Award in June 1996, and her prior satisfactory performance reviews raise a genuine issue of material fact that she was otherwise qualified for the position. The evidence that Strickland offers, however, suffers from staleness. To establish her prima facie element of being otherwise qualified, she must show that she was qualified at the time of her termination. Strickland presents no evidence that she was otherwise qualified after Lindahl took over as manager. Perhaps her performance changed. Perhaps Federal Express's expectations changed. To prevail, Strickland must present evidence at least contesting Federal Express's claims regarding her inadequacy, reasonably contemporaneous with the adverse employment action.

In that regard, the court also held that there was no genuine issue of material fact that Federal Express's proffered reasons for Strickland's dismissal were not pretextual. The proffered reasons were also articulated in the warning letters and performance reminder delivered to Strickland in accordance with Federal Express's policies. Strickland does not contest the facts underlying those warning letters and the performance reminder. Strickland does argue that her first warning letter reprimanded her for conduct that was protected under Federal Express internal policies. At least in a suit denominated as an age discrimination action, violations of Federal Express policies are not actionable. Indeed, it is quite questionable that her caustic note regarding Lindahl was protected even under Federal Express's policies, which require that feedback to managers be civil in tone and which do not explicitly authorize the dissemination of the feedback to a wider set of employees.

Strickland's argument instead is with the weight that Federal Express reasonably could have assigned to the incidents for which she was disciplined. What really motivated Federal Express was age-based animus, Strickland claims. She points to several pieces of evidence for her argument. First, Strickland argues that the treatment of the other workers over forty in her working group creates a genuine issue of material fact regarding whether age-based animus motivated Lindahl's personnel decisions. Of the ten employees in Strickland's working group, three were over the age of forty. Those employees included Strickland, Katie Sanchez, age 41, and Carlos Lizardi, age 56. Neither Sanchez nor Lizardi was terminated. Instead, Sanchez resigned after receiving some bad performance reviews. Lizardi retired and also received at least one performance review with which he was unsatisfied. Sanchez, however, was replaced with an employee who was 43 years old, two years older than Sanchez. Lizardi's replacement was younger than forty. None of the other employees in the working group left in close proximity to Strickland's termination.

Strickland urges us to find these statistics probative of discrimination, as we did in *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121 (6th Cir.1998). In *Scott*, a study of hundreds of workers affected by a reduction in force at a particular plant indicated that the average age of those redeployed to other positions was seven years younger than those who were terminated. *Id.* at 1129. The *Scott* statistics that we found probative are quite different than those here. First, the court in *Scott* was confronted with a sufficiently large sample with which to make statistically significant conclusions. Here, it would be quite difficult to draw any statistically significant conclusion from the ages of the three employees who were separated from a pool of only ten. Second, the employees from whose treatment Strickland wishes us to draw conclusions were not even terminated. Instead, they retired or resigned. Third, to the extent that they were pressured to leave through sub-par evaluations, Strickland has offered no evidence to suggest that the evaluations of Lizardi and Sanchez were based on anything other than the merits. Fourth, Sanchez was actually replaced by an older employee — if Sanchez were the plaintiff here she would not even be able to establish her own prima facie case. The imputation of age-based animus from her case to Strickland's is even weaker.

Additionally, Strickland argues that several ageist comments made by Federal Express managers raise a genuine issue of material fact that her termination was motivated by age. There are two comments that, according to Strickland, betray an age-based bias at Federal Express. Joseph McCarty, the president of Federal Express Logistics, said in a memo to Lindahl that "training needs to start over from scratch." Strickland was member of the training department. Lindahl also said in a memorandum to her superiors that: "There are some limits on reassurances that can be given. Where there is deadwood, we have got to take action." Strickland argues that these statements indicate that Federal Express managers intended to wipe the slate clean of older workers, those who through age, the managers thought, had withered at the vine.

■ We have made clear before that "isolated and ambiguous comments 'are too abstract, in addition to being irrelevant and prejudicial, to support a claim of age discrimination.'" *Scott v. Goodyear Tire & Rubber, Co.*, 160 F.3d 1121, 1129 (6th Cir.1998); *Phelps v. Yale Security, Inc.*, 986 F.2d 1020, 1025 (6th Cir.1993). We have, for example, affirmed summary judgment when a manager has said that "he needed younger blood" in the company, as it was ambiguous as to whether the defendant meant younger in terms of time at the firm or younger in terms of age. *See Gagne v. Northwestern National Insurance Co.*, 881 F.2d 309, 315–16 (6th Cir.1989). In this case, the comments have not only plausible, but likely, age neutral meanings. "Deadwood" likely refers to people who just are not working hard. The intention to "start from scratch" could reflect the impression that the training department was not operating well and needed to be fixed. We cannot find these ambiguous comments sufficient to infect Federal Express's otherwise age-neutral actions with discriminatory animus.

Our determination that the district court did not err in determining that there was no genuine issue of material fact with regard to the non-pretextual nature of Federal Express's articulated reasons for termination also resolves Strickland's retaliation claim. If the reasons are not pretextual, then Strickland was not terminated for her complaints. Moreover, Strickland made no protected complaints until after her termination was a foregone

conclusion. Her first alleged complaint, on September 23, 1996, included no claim of age discrimination and therefore is not conduct protected under the Age Discrimination in Employment Act. Her second complaint, this time a protected complaint to the EEOC, occurred on April 3, 1997, after Strickland had received her second warning letter and was subject to immediate termination under Federal Express guidelines. The relevant adverse action effectively took place before any protected activity and therefore cannot form the basis of a retaliation action under the ADEA.

### III

For all the foregoing reasons, we AFFIRM the district court's summary judgment in favor of Federal Express.