108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd L. SOVACOOL; Richard Waning; Garrie D. Yates; and
William Loft, Plaintiffs-Appellants,
v.
GENERAL TIRE, INCORPORATED, Defendant-Appellee.
 No. 95-4235.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1997.
 
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 SILER, Circuit Judge.
 
 
 1
 Plaintiffs, Floyd L. Sovacool; Richard Waning; Garrie D. Yates; and William Loft, appeal the granting of summary judgment in favor of defendant, General Tire, Inc., in this action alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Ohio anti-discrimination statutes, OHIO REV.CODE §§ 4101.17 and 4112.02, and the public policy of Ohio. We affirm for the following reasons.
 
 I.
 
 2
 In 1987, Continental AG, a German corporation, acquired General Tire, which is headquartered in Akron, Ohio. Continental AG also owned Continental Products Corporation ("CPC"). General Tire and CPC maintained separate sales organizations through the end of 1990. Sovacool was one of General Tire's two regional managers for truck and trailer sales. His job was to sell tires directly to truck manufacturers for use as original equipment. This "original equipment" function was distinct from the "national accounts" function. Waning, Yates, and Loft were employed as zone sales representatives ("ZSR"s) in New England; Charlotte, North Carolina; and St. Louis, Missouri, respectively. As ZSRs, they serviced existing clients, solicited new clients, conducted promotional activity, and reported on the competition. Each plaintiff had an excellent performance record and many years of service to General Tire. At the time of their discharges, Sovacool was 58, Waning was 56, Yates was 50, and Loft was 51 years of age. They were not offered a transfer or a reassignment to another position within the company.
 
 
 3
 Due to financial losses, in 1991 Continental AG ordered General Tire to reduce its expenses. The CPC sales force was merged with the General Tire field sales organization, which was reduced from six zones to five zones. The salespersons in each territory were then required to sell both General and Continental brand tires, whereas previously they only sold one or the other. The truck tire original equipment function was also merged with the national accounts function. As a result of this reorganization, fourteen of the forty-seven ZSR positions, including those held by Waning, Yates, and Loft, were eliminated. In addition, many employees were transferred to different jobs or to different locations. General Tire had no formal "bumping" policy that permitted employees with more seniority to displace those with less seniority. In making the decisions as to whom of the sales persons to retain, the overriding factor considered was the reduction of the staff in geographical areas where there were territorial overlaps between the Continental brand and the General Tire brand sales representatives.
 
 
 4
 CPC and General Tire had five representatives in the New England/New Jersey area between them. General Tire decided to eliminate three of those positions and retain one General Tire brand representative for New England and one Continental brand representative for New Jersey. In deciding whom of the two General brand salesmen to retain, either Waning or David Hopkins, age 58, General Tire maintains that it retained Hopkins, who assumed Waning's former job duties, because of his superior trucking experience.
 
 
 5
 The consolidation created an overlap in the Charlotte, North Carolina territory between Yates and the Continental brand sales representative, Carl Blair, age 59. General Tire claims that it decided to retain Blair, who assumed Yates's former job duties, because he had a better relationship with the dealers in the territory.
 
 
 6
 As part of the reorganization, territories within the Midwest Zone were fragmented. Loft was covering parts of Missouri for General Tire and CPC had no one covering the state. Wanting someone with Continental truck tire experience in Missouri, General Tire transferred Ron Oberman, age 59, to St. Louis. He assumed Loft's former job duties.
 
 
 7
 Due to the merger between the original equipment sales positions with the national account sales positions, Sovacool's position was combined with that of the other regional manager for truck and trailer sales, Robert McDowell, age 56. General Tire chose to retain McDowell allegedly because he had experience at corporate headquarters, had a better performance record, had a broader background, and was already located in Akron. Charles Grubbs, age 54, and Edward Doheny, age 58, assumed Sovacool's former job duties in addition to their other duties. Both parties submitted statistical evidence regarding the terminations. Plaintiffs' expert compared the average age of those terminated with the average age of those not terminated, and found that the difference was 3.02 standard deviations, which is .26 percent likely to be due to random chance. General Tire's expert compared age groups of over 50 and under 50, and found a disparity of 2.64 standard deviations, which is .82 percent likely to be due to random chance.
 
 
 8
 The district court determined that although plaintiffs submitted statistical evidence sufficient to establish a prima facie case of age discrimination, they did not produce sufficient evidence to support a finding of pretext. Consequently, it concluded that there were no genuine issues of material fact and that General Tire was entitled to summary judgment.
 
 II.
 
 9
 We review de novo the district court's grant of summary judgment. LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993). Summary judgment is proper when there exists "no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A motion for summary judgment will be defeated if the facts are such that a reasonable jury could find for the nonmoving party. See LaPointe, 8 F.3d at 378.
 
 III.
 A.
 
 10
 In bringing forth claims under the ADEA and Ohio statutory law,[1] plaintiffs must prove that age was a "determining factor" in the decisions to discharge them or that, but for their age, they would not have been terminated. See Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 114 S.Ct. 175 (1993). Absent any direct evidence that they were discharged because of their age, they need to produce circumstantial evidence sufficiently strong to raise an inference of "an invidious intent behind the plaintiff's terminations." . 3 Manzer v. Dia and Sha rock Che s. Co., 29 F.3d 1078, 1081 (6th Cir.1994).
 
 
 11
 To establish a prima facie case of age discrimination based on circumstantial evidence, plaintiffs must demonstrate, pursuant to the McDonnell Douglas/Burdine analysis, that they were: (1) members of a protected class, age 40 and over; (2) subjected to an adverse employment action; (3) qualified for the position; and (4) replaced by a substantially younger person. O'Connor v. Consolidated Coin Caterers Corp., 116 S.Ct. 1307, 1309 (1996); Phelps, 986 F.2d at 1023.
 
 
 12
 In a work force reduction or a corporate reorganization situation, where jobs have been eliminated, a dismissed plaintiff cannot demonstrate the fourth element of the evidentiary framework because he has not been replaced. See Barnes v. GenCORP Inc., 896 F.2d 1457, 1465 (6th Cir.1990) ("A work force reduction situation occurs when business considerations cause an employer to eliminate one or more positions within the company. An employee is not eliminated as part of a work force reduction when he or she is replaced after his or her discharge. However, a person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work."). In this situation, the analysis is modified and in order to establish a prima facie case, the plaintiff not only must show that he was age 40 or older, was discharged, and was qualified, but must also present "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Id; see also Ridenour v. Lawson Co., 791 F.2d 52, 57 (6th Cir.1986).
 
 
 13
 It is undisputed that these terminations were a result of a reduction in force or a corporate reorganization by General Tire, and that plaintiffs were over 40, were discharged, and were qualified. Plaintiffs argue that their additional statistical evidence tends to indicate that they were singled out for discharge because of their age. See Barnes, 896 F.2d at 1466 (stating that unrebutted statistical data demonstrating an employer's pattern of conduct toward a protected class may create an inference of discrimination as to the individual members of the class). Whether the standard deviation is 3.02, as concluded by plaintiffs' expert, or actually 2.64, as concluded by General Tire's expert, a prima facie case has been established because a difference of greater than two or three standard deviations is generally considered statistically significant. See Castaneda v. Partida, 430 U.S. 482, 496 n. 17 (1977).
 
 
 14
 Once plaintiffs established a prima facie case of age discrimination, the burden of production shifted to General Tire to articulate legitimate nondiscriminatory reasons for the adverse employment actions. See Phelps, 986 F.2d at 1024. If this burden is carried, plaintiffs must then prove by a preponderance of the evidence that General Tire intentionally discriminated against them. This may be proven by showing that the asserted reasons were mere pretexts for intentional age discrimination. See id. To show pretext, they must demonstrate by a preponderance of the evidence that the asserted reasons had no basis in fact; did not actually motivate the discharges; or were insufficient to motivate the discharges. See Manzer, 29 F.3d at 1084.
 
 
 15
 General Tire has carried its burden by setting forth legitimate, nondiscriminatory reasons for discharging each of the plaintiffs. The discharges were part of a reduction in force and corporate restructuring. Each plaintiff was chosen for discharge because his position was deemed no longer necessary and he was judged to be less qualified than the retained employee.
 
 
 16
 Plaintiffs assert that they submitted evidence that the proffered reasons for the discharges were pretextual, sufficient enough to survive summary judgment. They argue that the statistics used to establish a prima facie case also show pretext. Although statistics may be able to form the basis for a rebuttal in some cases, see Barnes, 896 F.2d at 1468, they fail to do so here.[2] As acknowledged by the district court, plaintiffs' statistics do not and cannot determine whether the more likely reason behind the discharges was legitimate nondiscriminatory explanations or age discrimination. See id. at 1469. The court also properly recognized that "when a defendant rebuts a statistically-based prima facie case with legitimate reasons unique to each plaintiff, the statistics themselves are not sufficient to show pretext." See id.
 
 
 17
 By presenting evidence that it chose to retain certain employees over each plaintiff because they were better qualified, General Tire has undercut the inference raised by plaintiffs' statistical evidence that age was a factor in the decisions to discharge them. See id. General Tire's assertions are not rebutted by reference to the statistics already presented because the statistics do not tend to establish that age was a factor in any particular decision. See id. Therefore, because plaintiffs did not show that asserted reasons are "inherently suspect" and did not present other direct or circumstantial evidence suggesting that they are untrue, General Tire is entitled to summary judgment. See id.
 
 
 18
 Plaintiffs insist that General Tire's retention of the account representatives, who were less qualified and less experienced, is circumstantial evidence of pretext. Under the ADEA, however, when an employer reduces its work force for economic reasons, it has no duty to permit an employee whose job has been eliminated to transfer to another position or to displace workers with less seniority. Id. at 1469-70. For this reason, plaintiffs' argument that pretext is demonstrated by General Tire's refusal to allow them to bump less senior employees must also fail. Moreover, they concede that General Tire had no formal bumping policy and failed to demonstrate that any such informal policy existed. General Tire thus had no obligation to allow plaintiffs to bump other workers and its refusal to do so does not support a finding of pretext.
 
 
 19
 Having failed to show pretext as a group, each individual plaintiff may still be able to demonstrate facts sufficient to make such a showing. See id. at 1470. After examining the evidence regarding each plaintiff, however, we find that the district court correctly concluded that each plaintiff failed to show pretext and that summary judgment was appropriate on his age discrimination claim. In sum, a review of the record makes clear that no reasonable jury could find that any of the plaintiffs was discriminated against because of his age.[3]
 
 B.
 
 20
 Plaintiffs also claim that General Tire violated public policy by discharging them because of their age. This claim was properly dismissed because sections 4101.17 and 4112.02 of the Ohio Revised Code, making employment discrimination based on age illegal and thus against public policy, provide adequate remedies for such discrimination. See Provens v. Stark County Bd. of Mental Retardation & Developmental Disabilities, 594 N.E.2d 959 (Ohio 1992) (refusing to recognize a violation of public policy when other remedies are available).
 
 III.
 
 21
 Although plaintiffs established a prima facie case of age discrimination, they failed to establish pretext. Accordingly, the district court's judgment in favor of General Tire is AFFIRMED.
 
 
 
 *
 The Honorable E.A. Van Graafeiland, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 The ADEA provides that "[i]t shall be unlawful for an employer--(1) ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a). The ADEA protects "individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Section 4101.17 of the Ohio Revised Code states that "[n]o employer shall discharge without just cause any employee aged forty or older." Section 4112.02 makes it an unlawful discriminatory practice for any employer to discharge without just cause any employee because of age
 We will only discuss the federal claim because the same evidentiary framework, the McDonnell Douglas/Burdine formula also applies to the Ohio state law claim. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992).
 
 
 [2]
 Had General Tire simply rebutted the prima facie case with statistical evidence of their own, then statistics alone could form the basis for a rebuttal. See id. at n. 16. In addition to presenting its own statistical evidence, however, it attacked the prima facie case established by statistics by showing that bias did not play a role in the decisions to discharge each plaintiff. See id. at 1469
 
 
 [3]
 The argument in support of a disparate impact claim is not properly before us. The district court did not address the merits of this claim due to its absence in the complaint