Marilyn Woods ROSEN, Plaintiff,

v.

CASIANO COMMUNICATIONS, INC., Defendant.

Civil No. 96–1124(DRD).

United States District Court, D. Puerto Rico.

July 11, 1997.

Frank Zorrilla–Maldonado, Hato Rey, PR, Victor P. Miranda–Corrada, Hato Rey, PR, for Plaintiff.

Francisco M. Ramirez–Rivera, Martinez, Odell & Calabria, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Plaintiff, Marilyn Woods Rosen, a then fifty-six years old executive was terminated on February 7, 1995 from employment at Casiano Communications, Inc. She was employed at age fifty-one by the Chief Executive Officer of the company, Manuel Casiano, Jr.

The company articulated as a reason for termination the elimination of Plaintiff's position because of economic reasons.[1] Plaintiff alleges that she was terminated by the Chief Executive officer because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and in violation of several local laws including the Antidiscrimination in Employment Act, Laws of P.R. Ann. tit. 29, §§ 146 et seq.

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 17); Plaintiff's Opposition thereto (Docket No. 24); Defendant's Reply (Docket No. 30); and Plaintiffs Surreply (Docket No. 32).

Since the case is at the summary judgment level, the Court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment," *Cortes–Irizarry v. Corporacion Insular,* 111 F.3d 184, 187 (1st Cir.1997). Further, at the summary judgment stage there

---

1. The company provided evidence that the entire corporate Marketing Department was eliminated.

is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood ..." *Greenburg v. Puerto Rico Maritime Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987). The Court further is impeded from making any "credibility assessment ... in favor of the party seeking summary judgment." *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995). The Court, however, may not accept mere "gauzy generalities, unsupported conclusions, subjective characterizations and problematic suppositions" as a foundation to an opposition to summary judgment. *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." *Vega–Rodriguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997).

The Court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat summary judgment, the resisting party must show the existence of "a trial worthy issue as to some material facts." *Cortes–Irizarry,* 111 F.3d at 187. A fact is deemed "material" if the same "potentially affect[s] the suit's determination." *Garside v. Osco Drug Inc.,* 895 F.2d 46, 48 (1st Cir. 1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizarry,* 111 F.3d at 187. Defendant, of course, must not only show that there is "no genuine issue of material facts," but also, that "they are entitled to judgment as a matter of law." *Vega–Rodriguez,* 110 F.3d at 178. The standard has been revisited by the First Circuit Court

of Appeals on several occasions, *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995) (collecting relevant cases).

The Court, therefore, is required to examine the facts in the light "most congenial" to Plaintiff Marilyn Woods Rosen at this stage of the proceedings.

In age discrimination cases under ADEA, the Court applies the burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 673 (1st Cir.1996) ("We apply the familiar burden shifting framework of *McDonnell Douglas Corp. v. Green* (citations omitted) to ADEA and Title VII claims.") Plaintiff Marilyn Woods Rosen must establish a prima facie case by proving that she (1) was within the protected class, (2) met Casiano Communications' legitimate performance expectations, (3) was adversely affected, (4) was replaced by another with similar skills and qualifications. *See Smith v. Stratus Computer, Inc.,* 40 F.3d 11, 15 (1st Cir.1994), *cert. denied* 514 U.S. 1108, 115 S.Ct. 1958, 131 L.Ed.2d 850 (1995); *Vega v. Kodak Caribbean Ltd.,* 3 F.3d 476, 479 (1st Cir.1993). The burden then shifts to Casiano Communications to articulate a valid nondiscriminatory reason for the dismissal. Plaintiff must then prove that the articulated reason was false and but a pretext for discrimination. Plaintiff must prove evidence sufficient for a fact finder to reasonably conclude that Casiano Communications' decision to terminate her was driven by discriminatory animus. It is not enough to show that the proffered reason is pretextual, Plaintiff must show discriminatory animus. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 510–15, 113 S.Ct. 2742, 2749–51, 125 L.Ed.2d 407 (1993).

For the purposes of the motion for summary judgment only, Defendants accept that Plaintiff complies with the first three initial criteria to comply with a prima facie case but deny that Defendants "did not treat age neutrally or that younger persons were retained in the same position." *Le Blanc v. Great American Ins. Co.,* 6 F.3d 836, 842 (1st Cir.1993). Defendants have produced evidence that the entire Marketing Department

was eliminated and that the Chief Executive Officer took over the function of Plaintiff, said officer being of much older age than Plaintiff. Plaintiff has adduced some evidence that she was replaced by another co-worker, Alberto Pérez Subirá a much younger worker (twenty-six years old). Although there is conflicting evidence as to if Mr. Pérez Subirá merely "was assigned to perform Plaintiff's duties in addition to other duties, or [if] the work [was] redistributed among other existing employees" which is insufficient at law to satisfy the ("replacement") fourth criteria of a prima facie case under *Pages–Cahue v. Iberia Lineas Aereas de Espana,* 82 F.3d 533, 539 (1st Cir.1996) or if, on the other hand, in compliance with the criteria, Mr. Pérez–Subirá substituted plaintiff when he "was reassigned to perform the Plaintiffs duties." The Court at the summary judgment level cannot weigh the evidence nor make credibility findings and must make all reasonable inferences favoring Plaintiff as the party resisting summary judgment. *Greenburg,* 835 F.2d at 935. Hence, the Court concludes that Plaintiff has overcome the fourth criteria of the prima facie case under the *McDonnell Douglas* framework.[2]

■ Plaintiff must then show that the articulated reason produced by the defendant is pretextual or a sham. Defendants have articulated a reason for the elimination of the department where Plaintiff worked based on company losses. Plaintiff emphasizes that in the year of termination the company had a net gain of $452,000.00. Notwithstanding, in February 1995, the company was carrying an operational loss in excess of three million dollars and the corporate marketing department, where Plaintiff worked, had been reduced from seven employees in 1994 to only two.[3] The Court notes, however, that in the year Plaintiff was hired the company also had an audited balance sheet loss of $798,-800.00 and an operational loss of $1,093,-000.00 and hence, at the summary judgment level the adduced economic reason, making all reasonable inferences favoring the Plaintiff, a reasonable fact finder could conclude that the economic reason was pretextual in nature.

■ Finally, the Court must examine the evidence provided to prove discriminatory animus because it is insufficient to prove a pretextual reason. *Saint Mary's,* at 513–15, 113 S.Ct. at 2751. The Court notes that this case presents a strong inference "that discrimination was not a determining factor for the adverse action taken by the employer," said inference is triggered "[i]n cases where the hirer and firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring." *LeBlanc,* 6 F.3d at 842.

In the case at hand, Plaintiff was hired at age fifty-one and terminated at fifty-six by the same Chief Executive thereby activating the inference adopted by the First Circuit Court in *LeBlanc,* 6 F.3d at 847, in turn adopted from the holding of *Proud v. Stone,* 945 F.2d 796, 797 (4th Cir.1991) wherein a sixty-eight-year-old employee was terminated shortly after being hired by the same executive officer. The inference established in said case is as follows: "Employers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing." *Proud,* 945 F.2d at 797. *See also Brown v. CSC Logic Inc.,* 82 F.3d 651 (5th Cir.1996), wherein the Court dismissed an ADEA complaint based on "the same actor presumption" when an older aged executive (60 years old) hired an employee at age fifty-four (54) and subsequently dismissed him at age fifty-eight (58) for economic reasons.

■ The Court proceeds to analyze the alleged discriminatory events because "spe-

---

2. This matter is truly close since the company has produced evidence contrary to Plaintiffs production that Mr. Pérez Subirá was not hired for Plaintiffs position nor reassigned to perform her duties and hence under the doctrine of *Pages–Cahue,* 82 F.3d at 539, plaintiff would fail to comply with the fourth requisite of the *McDonnell Douglas* prima facie case.

3. ADEA does not immunize the worker from "the often harsh economic realities of common business decisions and hardships associated with corporate reorganizations, downsizings, plant closings, and relocations". *Allen v. Diebold Inc.,* 33 F.3d 674, 677 (6th Cir.1994).

cific instances of unlawful discrimination [are required] ... unfairness is not enough." *The Dartmouth Review,* 889 F.2d at 16. Plaintiff provides evidence that at some undefined time prior to termination a coworker told her that she had a "grandmother model" figure comparing her to when in a younger age she was a model for a prominent retail store, "Fernando Pena." Since this comment was not identified as made by a decision maker nor provided a time frame and is unrelated to the decisional process, the Court considers the remark an inconsequential "stray-remark in the workplace." *Mulero–Rodriguez,* 98 F.3d at 676; *Ayala–Gerena v. Bristol Myers–Squibb Company,* 95 F.3d 86, 96 (1st Cir.1996) (providing that stray remarks are not probative of discrimination).

■ Plaintiff also produced evidence of a remark made by the Vice–President, Kimberly Casiano, in mid 1994, wherein Plaintiff was present, that "we [Casiano Communications] are a young company, except for Josephine Hiraldo and a few others." Said comment was made by a decision maker but "unrelated to the decisional process." *Ayala–Gerena,* 95 F.3d at 96. The remark is "unrelated" because it is remote in time (over six months) and no evidence has been provided that the remark was related to the termination. The same conclusion is reached as to the remark to Plaintiff attributed to Kimberly Casiano made at the end of 1993 (over one year before termination) that "Let Eddie get it; he is younger than you." *Mulero–Rodriguez,* 98 F.3d at 676 (statements made over a year old are stale; "too far removed to have influenced a decision" quoting *Phelps v. Yale Security, Inc.,* 986 F.2d 1020, 1026 (6th Cir.); *cert. denied* 510 U.S. 861, 114 S.Ct. 175, 126 L.Ed.2d 135 (1993)).[4]

■ There is, however, one remark probative of discrimination attributed to Mr. Manuel Casiano stated to Plaintiff on January 25, 1995. Mr. Casiano in a meeting allegedly threw a pen at an employee Maria Elena Cestero because of an alleged work error (Mr. Casiano alleges that the pen was thrown not at the employee but at the desk) and he stated to the Plaintiff "if it wasn't for [your] age you would be fired." This particular comment made by a decision maker is probative of discrimination because it is not remote and is "related to the decisional process." *Ayala–Gerena,* 95 F.3d at 96.

■Plaintiff also alleged as discriminatory other circumstantial events: she was forced to report to a young employee (Alberto Pérez Subirá) as her new supervisor upon return from vacation instead of reporting directly to Mr. Casiano and further that without notice she was removed from her office which was assigned to Mr. Pérez and was transferred to a cubicle. This allegation is probative of treating age neutrally.

The Court concludes that taken by itself the comment of the Chief Executive Officer of January 25, 1995, does not break the "strong inference"[5] against discrimination established in this case by the "same actor presumption." However, the comment does not stand alone because as stated above, making all inferences favoring the nonmoving party, there is other circumstantial evidence of discrimination, i.e.; the sudden imposition of a young supervisor upon return from Plaintiffs vacation instead of reporting directly to the President together with the diminishment of her offices to a cubicle ceding concurrently her offices to that same young supervisor.[6]

The Court is conscious that some of the evidence herein categorized as "discriminatory" in nature is highly disputed and there is conflicting versions offered by both parties. Notwithstanding, the Court is obligated at the summary judgment level to examine the record "in the light most favorable to the nonmoving party." *LeBlanc,* 6 F.3d at 841. Further, in the instant discrimination case, there are present elements of intent and

---

4. All comments that the court has found to be merely "stray remarks" by non-decision makers or by decision makers but "unrelated" or "stale" shall not be authorized at trial under Fed. Rule of Evidence No. 403.

5. "Strong inference" instruction shall be provided to the jury based upon the case of *LeBlanc,* 6 F.3d at 847.

6. Further, evidence to show pretext may also be used as evidence to demonstrate discrimination, *Woodman,* 51 F.3d at 1092.

motive which appellate courts have counseled trial courts not to dispose of at the summary judgment level. *Mulero–Rodriguez,* 98 F.3d at 670.

The Motion Requesting Summary Judgment is **DENIED.**

*IT IS SO ORDERED.*