Marie L. BLACK;  David Black,
Plaintiffs–Appellants,

v.

COLUMBUS PUBLIC SCHOOLS,
Defendant–Appellee.

No. 02–3677.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2003.

Marie L. Black, pro se, David Black, pro se, Columbus, OH, for Plaintiff–Appellant.

Laura MacGregor Comek, John Curtis Albert, Crabbe, Brown & James, Columbus, OH, for Defendant–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

### ORDER

Marie L. Black, an Ohio citizen, appeals pro se the judgment for defendant in an action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., 42 U.S.C. § 1983, and state tort law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Black was employed as an assistant principal by defendant when she began to complain that the principal at her school was engaged in an affair with a volunteer parent of one of the students. Black complained that the principal spent most of his time locked in his office with the woman in question, or on the telephone with her. As a result, Black was required to perform both her own duties and those of the principal. Not long after her complaints, in the spring of 1992, Black was informed that she was being transferred to a different, and apparently less prestigious school; the transfer was effective in August 1992. Black continued to complain about the principal's unprofessional behavior, and about her transfer, to no avail. She also alleged that she was denied promotions to a principal position at a middle school, and an assistant principal position at a high school, based on her race, sex, age, or in retaliation for her complaints. She filed a series of charges with the EEOC in 1994. This action was filed in the district court in 1996, raising claims of hostile environment, discrimination, equal protection and due process violations, a First Amendment violation, and several claims under Ohio law, including employment discrimination, a whistleblower claim, intentional infliction of emotional distress on herself and her spouse, and a claim of loss of consortium by her spouse.

Defendant moved for summary judgment, and the district court granted the motion on all of the claims with the exception of the claim of retaliatory transfer. Defendant then filed another motion for summary judgment, arguing that the claim of retaliatory transfer was barred because Black had not filed a charge with the EEOC in a timely fashion. The district court agreed, granted the motion, and entered judgment for defendant. On appeal, Black argues mainly that equitable tolling should apply to make her EEOC charge timely, because she received bad advice from her attorney, the Ohio Civil Rights

Commission, the Justice Department, and the EEOC, and because she was suffering from depression and post-traumatic stress disorder. She also reasserts her other claims in a general fashion, and argues that an affidavit she submitted was erroneously excluded.

Upon consideration, we conclude that defendant was properly granted summary judgment on all but one of the claims raised in this complaint, as Black failed to establish essential elements of the case on which she bore the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The summary judgment will be affirmed on each claim other than the First Amendment claim for the reasons stated by the district court.

■ The district court properly concluded that the environment described by Black did not involve such severe conduct as to constitute a hostile environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The allegation that the principal was obviously engaging in an affair with a parent of one of the students was not sufficient to create an environment that a reasonable person would find hostile or abusive. *Bowman v. Shawnee State Univ.,* 220 F.3d 456, 463–64 (6th Cir.2000); *Black v. Zaring Homes, Inc.,* 104 F.3d 822, 826 (6th Cir.1997).

■ As to Black's claim that her transfer was due to sex discrimination, the district court properly found that her knowledge of the principal's affair did not amount to a claim of sex discrimination under Title VII. *Ellert v. Univ. of Texas, at Dallas,* 52 F.3d 543, 546 (5th Cir.1995). Moreover, she failed to show that any similarly situated, non-protected employee was treated more favorably. *Hollins v. Atlantic Co.,* 188 F.3d 652, 658 (6th Cir.1999). Black also alleged that her subsequent failure to receive two promotions was due to

her race or retaliation for her EEOC filings. However, defendant asserted a legitimate reason for promoting others to fill these positions who it alleged were more qualified, and Black failed to show that this reason was a pretext for discrimination. *Phelps v. Yale Sec., Inc.,* 986 F.2d 1020, 1024 (6th Cir.1993). Black also alleged age discrimination in the failure to promote her to middle school principal, but she failed to show that the person hired was substantially younger than she was, as the person chosen was only seven years younger. *See O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). Additionally, she also failed to rebut the legitimate reason proffered by defendant for choosing the alternate candidate. *Phelps,* 986 F.2d at 1024.

■ Black asserted claims of a hostile environment and equal protection and due process violations under 42 U.S.C. § 1983. The district court found that the hostile environment and equal protection claims were subject to the same standard and failed to state a claim for the same reasons as the Title VII claims. *See Risinger v. Ohio Bureau of Workers' Comp.,* 883 F.2d 475, 483 (6th Cir.1989). Additionally, the district court properly concluded that Black had no substantive due process right to a promotion. *Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1351 (6th Cir.1992).

■ The claims under Ohio law were properly disposed of because the discrimination claims failed for the same reasons as the Title VII claims, the Ohio Whistleblower Act covers only the reporting of criminal acts, adverse employment actions are insufficient to state a claim of infliction of emotional distress, *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir.

1999), and a spouse may claim loss of consortium only in cases of bodily injury.

■ In its separate memorandum addressing the claim of retaliatory transfer, the district court properly found that Black had failed to file a charge raising this claim within 300 days of the transfer. *See Alexander v. Local 496, Laborers' Int'l Union,* 177 F.3d 394, 407 (6th Cir.1999). Black was informed of the transfer in the spring of 1992. Her first charge filed with the EEOC was in July of 1994, and even then she did not mention her transfer in the charge. Her subsequent two charges addressed the failure to receive promotions. Even if Black had filed a late charge addressing the transfer, she would not be entitled to equitable tolling. She was aware of the information needed to support a discrimination claim when she initially was informed of her transfer. *Cf. Amini v. Oberlin Coll.,* 259 F.3d 493, 501 (6th Cir.2001). She has pointed to no evidence that defendant caused her to sit on her rights during the relevant period. Because she was generally aware of her rights, any ignorance of specific time requirements of failure to seek legal advice does not toll the statute. *Jackson v. Richards Med. Co.,* 961 F.2d 575, 580 (6th Cir.1992). The district court properly applied the factors of Black's general knowledge of her rights, her lack of diligence in waiting two years to file a charge, and the prejudice to defendant, in determining that equitable tolling was not available. *EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094 (6th Cir.1996). Black's vague claims of having received bad advice and suffering from mental disabilities are unsupported by any facts.

Black's specific objection to the district court's failure to consider an affidavit she submitted is without merit because consideration of the contents of the affidavit would not have altered the results of any of the above determinations.

■ However, we conclude that the summary judgment on Black's First Amendment claim must be vacated and the matter remanded for further consideration in light of this court's opinions in *Vaughn v. Lawrenceburg Power Sys.,* 269 F.3d 703, 716–17 (6th Cir.2001) and *Bonnell v. Lorenzo,* 241 F.3d 800, 812 (6th Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001), holding that an employee's motive in making statements is a relevant, but not dispositive, factor in considering whether speech is protected by the First Amendment. In this case, as in the recent case of *Banks v. Wolfe County Bd. of Educ.,* 330 F.3d 888, 893–94 (6th Cir.2003), the district court relied heavily on Black's motive in making her complaints in concluding that her speech was not on a matter of public concern. We believe that further consideration of the question by the district court in light of the above authority would be appropriate.

For all of the above reasons, the summary judgment for defendant is affirmed on all claims other than the First Amendment claim, and the summary judgment on that claim is vacated and the matter remanded for further consideration. Rule 34(j)(2)(C), Rules of the Sixth Circuit.