Eric K. PAASEWE, Plaintiff–
Appellant,

v.

OHIO ARTS COUNCIL, Defendant–
Appellee.

No. 02–3843.

United States Court of Appeals,
Sixth Circuit.

Aug. 25, 2003.

Eric K. Paasewe, Columbus, OH, Pro se.

Stephen H. Johnson, Office of the Attorney General, Columbus, OH, for Defendant–Appellee.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

## ORDER

This pro se Ohio litigant appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages and declaratory relief, Eric Paasewe sued the Ohio Arts Council ("Council") alleging that the Council discriminated against him on the basis of race and national origin. Paasewe is an artist specializing in traditional African dance forms. The Council is a state entity created to foster and encourage the arts and is authorized to receive, administer, and allocate federal and state funds for the development of the arts. Ohio Rev.Code § 3379.02 and 3379.07. Paasewe alleged that the council discriminated against him when it failed to grant his application for a 1999 individual artist fellowship. He also alleged that the council violated his civil rights by tape recording a meeting between the parties.

The district court dismissed Paasewe's claim alleging the unauthorized recording with a Council representative pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court subsequently granted the Council's motion for summary judgment.

In his timely appeal, Paasewe essentially reasserts the claims set forth in the district court.

We review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1239–40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.* at 1240. However, mere conclusions need not be accepted as true under this standard. *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir.1987).

This court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe*, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

■ Upon review, we conclude that the district court properly dismissed Paasewe's claim that the Council violated his civil rights by tape recording a meeting between the parties. In an effort to negotiate a settlement, a representative of the Council and Paasewe met to discuss his allegations of discrimination. The Council representative tape recorded that meeting. There is no federal, state, or common law prohibition to one attendee at a meeting tape recording the conversation, with or without the knowledge or consent of other attendees. Even if one construes Paasewe's allegation as one made under federal or state wiretap statutes, those include exception for recordings made with the permission of one of the parties. 18 U.S.C. §§ 2510 *et seq*; Ohio Rev.Code § 2933.51–2933.66. Thus, the district court properly dismissed Paasewe's claim pursuant to Fed.R.Civ.P. 12(b)(6) because there is no set of facts that could support a civil rights claim for tape recording the meeting.

■ Similarly, we conclude that the district court properly granted summary judgment in favor of the Council. Paasewe alleges that the Council discriminated against him when it failed to grant his application for a 1999 individual artist fellowship in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Title VI provides in pertinent part that no person shall be denied the benefits of an activity receiving federal funding on the basis of race or national origin. 42 U.S.C. § 2000d. Paasewe must demonstrate that the decision to exclude him from receiving money from the Council was motivated by race and that his race was a determining factor in the exclusion. *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir.1996). Paasewe can prove his case by showing either a prima facie case or direct evidence of racial discrimination. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 580–81 (6th Cir.1992). Direct evidence generally requires unmistakable verbal assertions that the plaintiff was treated adversely because of his race. *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir.1998).

Paasewe claims that the denial of his application for an Individual Artist Fellowship Grant was motivated by race based on an alleged statement by an unidentified panel member that the panel to which Paasewe applied was "not the right venue for this African stuff." Even if one as-

sumes that the comment was made, and construes "African stuff" as a racially derogatory comment, offensive or insensitive stray statements are not enough to demonstrate direct evidence of intentional discriminatory motive. *Phelps v. Yale Sec., Inc.,* 986 F.2d 1020, 1025–26 (6th Cir.1993).

■ Because Paasewe has no direct evidence of discrimination, the burden-shifting framework utilized in other employment discrimination cases is applicable, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See D.J. Miller & Assocs., Inc. v. Ohio Dep't of Admin. Serv.,* 115 F.Supp.2d 872, 879 (S.D.Ohio 2000). Under that methodology, the plaintiff bears the burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817; *Talley v. Bravo Pitino Rest., Ltd.,* 61 F.3d 1241, 1246 (6th Cir. 1995). To establish a prima facie case of discrimination, the plaintiff must show: (1) that he is a member of a protected class; (2) that he was qualified for the grant; (3) that he suffered an adverse decision; and (4) that similarly situated non-protected grant seekers were treated more favorably. In the instant case, Paasewe did not provide any proof that similarly situated non-protected grant seekers were treated more leniently or more favorably. In fact, the record reveals that a similarly situated dance troupe specializing in Croatian traditional folk dance was also denied a grant for the same reason Paasewe was denied.

■ Assuming that Paasewe established a prima facie case, he failed to create a genuine issue of material fact regarding pretext. Once a plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant to establish a legitimate, nondiscriminatory reason for the action. If this burden is met, the burden again shifts to the plaintiff to establish that the defendant's reason is mere pretext. *Plant v. Morton Int'l, Inc.,* 212 F.3d 929, 936 (6th Cir.2000); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 882–83 (6th Cir.1996).

The Council met its initial burden of showing an absence of evidence to support Paasewe's claim that its decision to deny him a grant was pretextual. The Council submitted affidavits in which Council members articulated legitimate non-discriminatory reasons for denying Paasewe a fellowship grant. A panel of experts concluded that Paasewe's work was a rendition of a traditional African dance, while the panel was commissioned to seek out original ideas and new choreography. The panel of experts determined that there was not enough innovation in Paasewe's techniques and forms to consider it to be original work.

In light of the foregoing, Paasewe was required, yet failed to present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. 2505; *LaPointe,* 8 F.3d at 378. In response to the Council's motion for summary judgment, Paasewe filed a two-part, forty-two page unverified response containing no evidence in support of the complaint.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order of June 18, 2002.