**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**File Name:  06a0418n.06**

**Filed:  June 21, 2006**

**No. 05-5924**

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEVIN   JOHNSON,   SR.;   JAMES   E. COSSINGHAM, SR.; REV. JERRY JONES, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON   APPEAL   FROM   THE   UNITED STATES  DISTRICT  COURT  FOR  THE |
| CITY OF CLARKSVILLE; DON TROTTER, Mayor of the City of Clarksville, Tennessee, individually and in his official capacity; R. DOUGLAS WEILAND, Montgomery County Mayor,  individually  and  in  his  official capacity;   MONTGOMERY   COUNTY, TENNESSEE, et al., | ) ) ) ) ) ) ) ) | MIDDLE DISTRICT OF TENNESSEE |
| Defendants-Appellees. | ) | |

No. 05-5924
*Johnson, et al. v. City of Clarksville, et al.*

Before: GIBBONS and COOK, Circuit Judges; SCHWARZER, Senior District Judge.[*]

COOK, Circuit Judge. Three minorities, Kevin Johnson, James Cossingham, and Jerry Jones, allege that city and county governments denied them use of certain facilities and funds because of discriminatory animus. The district court granted summary judgment for Defendants, holding that Plaintiffs failed to establish a prima facie case of discrimination, and Plaintiffs challenge this holding on appeal. We affirm.

I

Plaintiffs Johnson, Cossingham, and Jones sought use of facilities belonging to Defendants Montgomery County and the City of Clarksville, Tennessee. Johnson, an African American, asked Montgomery County for the use of the Old Cumberland Heights Elementary School and the Southern Guthrie Community Center ("SGCC") in order to implement BEST, his program for at-risk youths. Johnson also requested the use of a number of Clarksville facilities for the same purpose, and he requested funding from Clarksville. Cossingham, a Native American, sought to utilize the SGCC in creating a program to teach Native-American culture to children. Jones, an African American, wanted to use the SGCC in conjunction with a program for disabled veterans. In each case, Defendants denied Plaintiffs' requests, and Plaintiffs attribute the adverse decisions to Defendants' race-based preferences.

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

No. 05-5924
*Johnson, et al. v. City of Clarksville, et al.*

Plaintiffs sued the City of Clarksville, Montgomery County, and thirty-five individuals (city council members, county commissioners, and mayors), alleging a violation of Title VI of the Civil Rights Act of 1964. The parties stipulated to the dismissal of the individual defendants, leaving only claims against the city and county. The district court entered summary judgment in favor of Defendants after determining that Plaintiffs could not establish a prima facie case of discrimination. Plaintiffs argue on appeal that they set forth sufficient evidence to state a prima facie case of discrimination and that they also presented direct evidence of discrimination.

II

We review a grant of summary judgment de novo, accepting the facts in the light most favorable to Plaintiffs and affirming summary judgment only if there is no genuine issue as to any material fact. *Nat'l Solid Wastes Mgmt. Ass'n v. Daviess County*, 434 F.3d 898, 902 (6th Cir. 2006). To avoid summary judgment on a Title VI claim, "a plaintiff must create a genuine issue of material fact that the defendant intended to discriminate on the basis of race" by demonstrating that the decision "was motivated by race and that . . . race was a determining factor in the exclusion." *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996).

A. Claims Against Montgomery County

Plaintiffs argue that they presented direct evidence of discrimination by Montgomery County. At his deposition, Jones averred that he had a friend who was a police detective and that the detective's supervisor called the detective a "nigger." This allegation, however, lacks any force as to Montgomery County's motivation for its actions concerning these Plaintiffs. Jones also testified that, when he complained to the County Attorney, Roger Maness, about the County's treatment, Maness informed him that "he didn't know if [Jones] had any civil rights or not." Additionally, Plaintiffs contend that the county erected a fence around the SGCC sometime after Plaintiffs sought to use it. But neither Maness's alleged comment nor the fence evinces race-based preference so as to constitute direct evidence of discrimination.

Lacking direct evidence of discrimination to validate their claims, Plaintiffs argue that they established a circumstantial case under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). We assume without deciding that this burden-shifting framework governs Plaintiffs' Title VI claims. *See Paasewe v. Ohio Arts Council*, 74 Fed.Appx. 505, 508 (6th Cir. 2003) (applying *McDonnell Douglas* to Title VI claim); *Gazarov ex rel. Gazarov v. Diocese of Erie*, 80 Fed.Appx. 202, 204-05 (3d Cir. 2003); *Fuller v. Rayburn*, 161 F.3d 516, 518 (8th Cir. 1998). Their claims nevertheless fail.

To establish a prima facie case under *McDonnell Douglas*, Plaintiffs must show that similarly-situated members of the nonprotected class received more favorable treatment than they

received.  *See Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004);  *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 731 (6th Cir. 2004).  Thus, Plaintiffs must point to an organization that is "nearly identical" to Plaintiffs' "in all relevant aspects."  *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (quotations omitted) (discussing employment discrimination); *see Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992) ("It is fundamental that . . . the plaintiff must show that the 'comparables' are similarly situated *in all respects*.").  We agree with the district court that they did not do so here.

Plaintiffs offer a host of organizations they claim to be similarly-situated: the YMCA, the 4-H Club, Big Brothers/Big Sisters, the Civitan Club, the Jaycees, the "Library System," the "Recreation Centers," a "Teen Center," a "Ball Field," and a "Golf Course."  But Plaintiffs offer this list without explanation as to how these entities are similarly-situated, and the claimed similarity is not self-evident to the court.  Plaintiffs note only that the other entities use county facilities or otherwise received favorable treatment and ask us to infer from this that they are similarly-situated.  The record does not warrant such an inference, however.  Plaintiffs point us to no evidence of the entities' compositions, histories with Defendants, objectives, or other pertinent characteristics.  In addition, Plaintiffs offer no comparison between the facilities used by the other entities—or the application process to use those facilities—and those that the Plaintiffs sought to use.  Plaintiffs' bare allegations that the organizations are similarly-situated cannot withstand a motion for summary judgment.  *Noble*, 391 F.3d at 731 ("Generalized allegations unsupported by evidence are

insufficient to meet the plaintiff's burden. [The plaintiff] simply failed to present any evidence of a similarly situated individual outside the protected class who was treated more favorably than he.").

To the extent that Plaintiffs argue that Maness's failure to respond to their complaints constituted racial discrimination, Plaintiffs do not present a prima facie case of disparate treatment—they have neither alleged nor shown that any similarly-situated nonprotected complainant received a more favorable response. Similarly, Plaintiffs summarily argue that the County violated Title VI by having "no Title VI policy and procedures in place pursuant to the State of Tennessee Commission on Title VI Compliance." But Plaintiffs did not plead this in their complaint and, in any event, they neglect to develop the argument on appeal. We will not address this argument because "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (quotation omitted).

## B. Claims Against the City of Clarksville

Plaintiff Johnson contends that he presented a prima facie case of discrimination by the City of Clarksville, and that the district court erred in granting summary judgment. He suggests that the city effectively denied his requests to use city facilities because city personnel stonewalled his attempts to schedule organizational meetings. He also argues that the city discriminated against him by refusing to grant his requests for funding.

When Johnson submitted a calendar reflecting the dates and times that he wished to use city facilities, a city employee informed him that many of those dates and times conflicted with existing activities. According to Johnson, he then sought meetings with city personnel in order to procure the facilities on available dates, but city personnel "either had meetings of no substance with Mr. Johnson or no meetings at all."

Johnson highlights the Jaycees as a nonprotected group that received preferential treatment. But, other than his allegation, Johnson offers nothing from which this court could conclude that the Jaycees are similarly situated to Johnson. He notes that the Jaycees hold fundraisers at the city's fairgrounds (and pay 6% of their gross income to the city), but he does not suggest that he sought to use the fairgrounds or any other facility on similar terms. Johnson fails to show that the Jaycees are similar in any relevant respect. *See Noble*, 391 F.3d at 731.

Johnson fails to develop any argument on appeal relating to the city's denial of his application for funding. He contends that the city made "unreasonable requests" in relation to the funding, though he does not identify the requests. He also argues that the city "failed to give him an opportunity" to show that he was qualified to receive funds, but again he neglects to provide more detail. And he does not point us to any direct evidence of discrimination or any circumstantial evidence to state a prima facie case. In the absence of such evidence, the district court correctly entered summary judgment in favor of the city.

III

Without either direct evidence of discrimination or a prima facie case of discrimination,

Plaintiffs' case cannot survive Defendants' motion for summary judgment. We therefore affirm the

district court.