NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0830n.06
Filed: December 7, 2007

No. 06-6478

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KEVIN JOHNSON, et al,

     Plaintiffs-Appellants,

v.

CITY OF CLARKSVILLE, et al,

     Defendants-Appellees.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

_____/

BEFORE:    CLAY, SUTTON and McKEAGUE, Circuit Judges.

     **CLAY, Circuit Judge.** Plaintiffs Kevin Johnson, James Cossingham and Jerry Jones contest the amount of an award of attorneys fees issued in favor of Defendant City of Clarksville following Plaintiffs' unsuccessful civil rights lawsuit against Defendant. While Plaintiffs offer no arguments contesting the district court's decision to award attorneys fees to Defendant, they claim that the district court erred by awarding legal fees of $250.00 per hour, when Defendant was represented by salaried in-house counsel who earns only $62.00 per hour. Because Plaintiffs present no arguments that the district court departed from the prevailing market rates for legal services in the City of Clarksville, we **AFFIRM** the award of attorneys fees.

## STATEMENT OF FACTS

On February 18, 2004, Plaintiffs filed a civil rights lawsuit against Defendant City of Clarksville alleging that, by denying them access to certain city facilities, Defendant illegally discriminated against them on the basis of race, violating Title VI of the Civil Rights Act of 1964. The district court granted summary judgment in favor of Defendant, and this Court affirmed on June 21, 2006, holding that Plaintiffs failed to present either "direct evidence of discrimination or a prima facie case of discrimination . . . ." *Johnson v. City of Clarksville*, 186 F. App'x. 592, 596 (6th Cir. 2006).

Defendant moved for attorneys fees of $18,575.00, based on a lodestar amount of $250 per hour. In support of this request, Defendant submitted the affidavit of David Haines, City Attorney, who stated that he has been licensed to practice law since 1984, that he has handled civil and criminal cases in federal court, and that he has completed jury trials in both. Haines further stated that, while his present salary amounts to about $62.00 per hour, he believes that a rate of $250.00 per hour would be reasonable and customary for an attorney of his level of experience handling civil rights cases and with his number of years in practice.

Additionally, Defendant submitted the affidavit of W. Timothy Harvey, who stated that he has been licensed to practice law in Tennessee since 1983, and that he is certified as a "civil trial specialist" by the Tennessee Commission on Continuing Legal Education and Specialization. (J.A. 64.) Harvey stated that he is familiar with the hourly rate charged for work in the Middle District of Tennessee, particularly in the area of civil rights and discrimination, and that he believes that $250.00 is a reasonable and customary hourly rate for an attorney of Haines' level of experience.

Plaintiffs offered no evidence or affidavits to rebut these statements, instead arguing that the city could not receive attorneys fees in excess of Haines' salary. Faced with no evidence contradicting Defendant's claims, the district court awarded attorneys fees at the $250.00 per hour rate suggested by Defendant. Plaintiffs appeal the amount of this award.

## DISCUSSION

### *Standard of Review*

This Court reviews a district court's award of attorneys fees for abuse of discretion, and will affirm unless the district court's ruling is based on an erroneous view of the law or a clearly erroneous assessment of the record. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). Because the same standards are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party,'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7 (1983), this Court relies on precedents involving attorneys fees without regard to whether they involved Title VI or some other federal statute. *Isabel*, 404 F.3d at 415.

### *Analysis*

A.      **Underlying Law**

In an action to enforce Title VI of the Civil Rights Act of 1964, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988 (2000). When such an award of attorneys fees is issued, "the statute and legislative history establish that 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff

is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). A "court's initial point of departure, when calculating reasonable attorney[s] fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate."[1] *Isabel*, 404 F.3d at 415 (citing *Hensley*, 461 U.S. at 433).

## B.      Plaintiffs' Claim

At the outset, it is important to note the narrowness of Plaintiffs' claim on appeal. Plaintiffs raise no arguments suggesting that the district court abused its discretion in finding that $250.00 per hour is the reasonable and customary rate for an attorney of Haines' experience.[2] Nor do Plaintiffs

---

[1]While not relevant here, as Plaintiffs do not claim that the district court misapplied these factors, the reasonableness of an attorney's hourly rate is normally measured according to twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel*, 404 F.3d at 415.

[2]Plaintiffs do argue that the district court erred in relying on Attorney Timothy Harvey's affidavit stating that $250.00 was a reasonable and customary fee for the work Defendant's counsel performed because "[t]he affidavit did not affirm that the $250.00 per hour rate is the affiant's customary rate." (Plaintiffs' Br. at 9.) This argument is waived, however, because it is raised for the first time on appeal. *Union Planters Nat'l Bank of Memphis v. Commercial Credit Bus. Loans*, 651 F.2d 1174, 1187 ("It is axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal."). Furthermore, Plaintiffs cite no case, and we can find none, which suggests that a party seeking attorneys fees under § 1988 must rely exclusively on the statements of

contest the reasonableness of the number of hours claimed by Defendant. Nor do Plaintiffs present any arguments which undermine the district court's decision to award attorneys fees in the first place. Instead, Plaintiffs argue simply that the district court erred by awarding fees in excess of Defendant's counsel's $62.00 per hour salary.

Plaintiffs' argument runs counter to a decision of the United States Supreme Court. In *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), the plaintiff was represented in part by the NAACP Legal Defense and Education Fund ("LDF"), a not-for-profit corporation whose attorneys and other legal staff were paid at a below-market rate. *Id.* at 284. Although LDF paid its paralegals only $15 per hour, the Supreme Court held that the *Jenkins* plaintiff could seek an award of attorneys fees at the "same level of compensation that would be available from the market . . . ." *Id.* at 286. Accordingly, the award of attorneys fees in *Jenkins* calculated paralegal costs at the rate of $35-50 per hour, the prevailing market rate for the work performed in that case. *Id.* at 284-87; *see also Blum*, 465 U.S. at 895 ("The statute and legislative history establish that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community . . . ."); *Brandenburger v. Thompson*, 494 F.2d 885, 889 (9th Cir. 1974) (holding that an award of attorneys fees may issue even when the prevailing party received *pro bono* legal services).

Just as in *Jenkins*, the actual fee charged by Defendant's counsel is irrelevant to the instant case. An award of attorneys fees is calculated according to the "prevailing market rates in the relevant community," not by the actual salary paid to the prevailing party's attorney. *Blum*, 465 U.S. at 895. Accordingly, Plaintiffs' argument lacks merit, and must be rejected.

---

attorneys who charge exactly the same fee requested by that party.

**CONCLUSION**

Plaintiffs properly raise only one argument on appeal to this Court, and that argument conflicts with a decision of the Supreme Court. *See Jenkins*, 491 U.S. at 286. The decision of the district court is **AFFIRMED**.